**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARK PICOZZI,                                     )
                                                 )
         Plaintiff,                         )
                                                 )        2:15-cv-00816-JCM-PAL
         v.                                 )
                                                 )
CLARK COUNTY DETENTION                           )        **ORDER**
CENTER, et al.,                                  )
                                                 )
         Defendants.                        )
                                                 )
_____

The plaintiff has submitted a motion for an extension of time, a motion for the court to provide plaintiff names of officers and nurses, and a motion for an order stopping Clark County Detention Center ("CCDC") from tampering with his mail.  (ECF No. 10, 11, 12).

The plaintiff presents his motions in one three page document that was docketed three times: once for each of the three motions listed in the caption.  In the body of the motion, the plaintiff requests additional relief, such as an order for CCDC to stop charging the plaintiff for legal copies, for inmate accounts to stop taking money from plaintiff for medical expenses from University Medical Center, for CCDC to stop stealing the plaintiff's subscription to the Las Vegas Review Journal, and for a hearing to present grievances to the court in person.  (ECF No. 10, 11, 12 at 1-3).

**Discussion**

On November 25, 2015, this court entered a screening order allowing some of the plaintiff's claims to proceed, dismissing others with prejudice, and dismissing some without prejudice, with leave to amend.  (ECF No. 8 at 13-15).  The court granted the plaintiff 30 days to file an amended complaint and stated that it would dismiss the action without prejudice if

the plaintiff failed to timely file an amended complaint.  (*Id.*).  Plaintiff requests an extension of 60 days to file his amended complaint.  (ECF No. 10, 11, 12 at 1).  The court grants the plaintiff's motion for an extension (ECF No. 10) in part by allowing the plaintiff 30 days from the date of this order to file an amended complaint in compliance with the court's November 25, 2015, order.  (ECF No. 8).  If the plaintiff fails to file an amended complaint curing the deficiencies as stated in the court's original screening order, the action shall proceed on the plaintiff's First Amendment claim of denial of access to the courts against defendants Lee and Cooper; the plaintiff's Eighth Amendment claim of excessive force against defendant Judd; and the plaintiff's Eighth Amendment claim of deliberate indifference against defendant Hightower.

The plaintiff filed a motion for the court to order CCDC to provide him with names of the officers involved in the assault against him and all of the nurses involved in denying him access to medical care.  (ECF No. 11).  This motion is deficient and, in any event, premature.  As the court stated in the original screening order,

> "The CCDC is an inanimate building, not a person or entity subject to liability. The law defines persons as including natural persons (*i.e.*, human beings) as well as corporations and political subdivisions.  However, objects such as buildings do not fit within this definition.  Therefore, CCDC, a building, is not subject to liability."  *Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RJH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011).  As such, the CCDC is dismissed with prejudice, as amendment would be futile.

(ECF No. 8 at 3, n.2).  The plaintiff has filed a motion requesting action against a party that has been dismissed with prejudice.

The court recognizes that there are situations "where the identity of alleged defendants will not be known prior to the filing of a complaint."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  "In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  *Id.*  In the plaintiff's amended complaint, he may make use of "Doe" pleadings and then use discovery to determine the identity of that defendant.  The plaintiff's claims will be dismissed, however, where he provides no more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007).  As such, the plaintiff's motion for the court to order CCDC to provide him with the names of officers and nurses (ECF No. 11) is denied.

The plaintiff additionally filed a motion for the court to order CCDC to stop tampering with his mail.  (ECF No. 12).  This motion is denied as it is presented against CCDC, a party that has been dismissed with prejudice.  Additionally, the traditional equitable criteria for granting preliminary injunctive relief are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiff; and (4) advancement of the public interest.  *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1200-01 (9th Cir. 1980).  The moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.  *Id.*  The plaintiff has not attempted to satisfy his burden to demonstrate a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.  As such, the plaintiff's motion for the court to order CCDC to stop tampering with his mail (ECF No. 12) is denied.

The additional motions the plaintiff raises within the body of his motion are denied.  The plaintiff raises claims against CCDC, a party that has been dismissed with prejudice.  (*See* the plaintiff's assertion that CCDC is stealing his subscription to the Las Vegas Review Journal. ECF No. 10, 11, 12 at 3).  Additionally, the plaintiff requests injunctive relief without demonstrating a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.  (*See* the plaintiff's request for the court to order inmate accounts to stop taking his money.  *Id.* at 2).  Further, the plaintiff's request for a hearing is denied.

**Conclusion**

For the foregoing reasons, IT IS ORDERED that plaintiff's request for an extension of time to file his amended complaint (ECF No. 10) is GRANTED in part and DENIED in part. The plaintiff shall have 30 days from the date of this order to file an amended complaint in

compliance with the court's November 25, 2015, order.  (ECF No. 8).  If the plaintiff fails to file an amended complaint curing the deficiencies as stated in the court's original screening order, the action shall proceed on the plaintiff's First Amendment claim of denial of access to the courts against defendants Lee and Cooper; the plaintiff's Eighth Amendment claim of excessive force against defendant Judd; and the plaintiff's Eighth Amendment claim of deliberate indifference against defendant Hightower.

IT IS FURTHER ORDERED that the plaintiff's motion for the court to order CCDC to provide him with the names of officers and nurses (ECF No. 11) is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for the court to  order CCDC to stop tampering with his mail (ECF No. 12) is DENIED.

IT IS FURTHER ORDERED that the plaintiff's request that the court file injunctive orders against the CCDC and against inmate accounts is DENIED.

IT IS FURTHER ORDERED that the plaintiff's request for a hearing is DENIED.


DATED:  January 20, 2016.



_____

United States District Judge