UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARK PICOZZI, | Case No. 2:15-cv-00816-JCM-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| CLARK COUNTY DETENTION CENTER, et al., | (Mots. Ext. Discovery – ECF Nos. 45, 46) |
| Defendants. | |

This matter is before the court on two Motions to Extend Discovery (ECF Nos. 45, 46) the first filed by Plaintiff Mark Picozzi and the second by Defendants. These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**BACKGROUND**

Mr. Picozzi is a pro se prisoner currently in the custody of the Nevada Department of Corrections. He has received permission to proceed in this case *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. *See* IFP Application (ECF No. 3); Screening Order (ECF No. 15). This case arises from Picozzi's allegations, pursuant to 28 U.S.C. § 1983, regarding his treatment while he was incarcerated at the Clark County Detention Center ("CCDC"). Upon review of the Amended Complaint (ECF No. 14), the court issued a Screening Order (ECF No. 15) finding that Picozzi stated the following plausible claims: (1) Eighth Amendment claim of excessive force against Defendants Sergeant Judd and Officer Garcia, as well as John Doe correctional officers #1 and #2; (2) Eighth Amendment claim of deliberate indifference to a serious medical need against Defendant Officer Hightower and Jane Doe nurse #1; (3) Fourteenth Amendment claim of violation of access to the courts against Defendant Officers Hightower, Daos, Goins, Hans, Brooks, Phillips, Carr, Jolley, and Coker, as well as John Doe correctional officers #4 and #5; and (4) First Amendment claim of interference with his right

1

1    to legal correspondence against Defendant Razzo and John Doe CCDC mail room officer. *Id.* at

2    14.  By acknowledging that his claims implicate doe defendants, Mr. Picozzi was given an

3    opportunity through discovery to identify the unknown defendants. *Id.* at 14 n.6–9.

4           On June 1, 2016, the court entered a Scheduling Order (ECF No. 28) setting an October

5    10, 2016 deadline to complete discovery.  The Scheduling Order also provided deadlines to file:

6    (i) a motion to amend pleadings or join additional parties by July 12, 2016, and (ii) file dispositive

7    motions by November 9, 2016.

8                                        **DISCUSSION**

9           The motion to extend the discovery deadlines was filed September 19, 2016. When a

10   request is made to modify a discovery plan and scheduling order before the expiration of the

11   deadlines and before the final pretrial order is entered, a district court may extend the discovery

12   deadlines upon a showing of "good cause."  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294

13   (9th Cir. 2000).  The good cause standard "primarily considers the diligence of the party seeking

14   the amendment." *Id.*  Discovery extensions may be allowed if the deadlines "cannot reasonably

15   be met despite the diligence of the party seeking the extension." *Id.*  Additionally, any motion or

16   stipulation to extend a deadline or to reopen discovery must comply with LR 26-4 and 6-1 of the

17   Local Rules of Practice, and include the following:

18        (a) A statement specifying the discovery completed;

19        (b) A specific description of the discovery that remains to be completed;

20        (c) The reasons why the deadline was not satisfied or the remaining discovery was
          not completed within the time limits set by the discovery plan; and,

21        (d) A proposed schedule for completing all remaining discovery.

22   *See* LR 26-4.  When a prisoner submits an unchallenged explanation of why he is not able to

23   comply with the court's deadlines, an extension of time should be granted.  *Bennett v. King*, 293

24   F.3d 1096, 1098 (9th Cir. 2002) (citing *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987));

25   *see also McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992) (courts apply "considerable

26   leeway" when assessing whether there is good cause to extend time limits for a *pro se* civil rights

27   plaintiff, "*especially* when that litigant is incarcerated"), *overruled on other grounds by WMX*

28   *Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997).

1       Here, both motions ask the court to extend the deadlines stated in the Scheduling Order by

2  90-days.  The parties filed their requests before the current deadlines expired and both have

3  provided a statement of what discovery has been completed, what remains pending, and the

4  reasons why more time is needed.  As such, the court finds good cause to extend the deadlines

5  stated in the Scheduling Order by 90 days: (1) discovery in this action shall be completed on

6  January 30, 2017; (2) discovery motions shall be filed and served no later than February 13, 2017;

7  (3) motions for summary judgment shall be filed and served no later than March 1, 2017; and (4)

8  a joint pretrial order shall be filed on or before March 31, 2017, but if motions for summary

9  judgment are filed, the date for filing the joint pretrial order shall be suspended until 30 days after

10  a decision on such motions or until further order of the court.

11       Accordingly,

12  **IT IS ORDERED:**

13  1.  The Motions to Extend Discovery (ECF Nos. 45, 46) are GRANTED.

14  2.  The deadlines stated in the Scheduling Order (ECF No. 39) are extended for 90 days:

15      a.  discovery in this action shall be completed on January 30, 2017;

16      b.  discovery motions shall be filed and served no later than February 13, 2017;

17      c.  motions for summary judgment shall be filed and served no later than March 1,

18         2017; and

19      d.  a joint pretrial order shall be filed on or before March 31, 2017, but if motions for

20         summary judgment are filed, the date for filing the joint pretrial order shall be

21         suspended until 30 days after a decision on such motions or until further order of

22         the court.

23  Dated this 31st day of October, 2016.

24

25

26  PEGGY A. LEEN
    UNITED STATES MAGISTRATE JUDGE

27

28