UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MARK PICOZZI, | Case No. 2:15-cv-00816-JCM-PAL |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| CLARK COUNTY DETENTION CENTER, et al., | (Mot. Leave Depos. – ECF No. 37;<br>Mot. Appt. Counsel – ECF No. 41;<br>Mot. for X-Ray – ECF No. 42) |
| Defendants. | |

This matter is before the court on Plaintiff Mark Picozzi's Motion for Leave to Take Depositions of Witnesses (ECF No. 37), Motion for Appointment of Counsel (ECF No. 41), and Motion for X-Ray and MRI on Lower Back (ECF No. 42). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the Motions, Defendants' Response to Motion for Leave to Take Depositions (ECF No. 40), and Picozzi's Reply (ECF No. 48).

## BACKGROUND

Mr. Picozzi is a pro se prisoner currently in the custody of the Nevada Department of Corrections. He has received permission to proceed in this case *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. *See* IFP Application (ECF No. 3); Screening Order (ECF No. 15). This case arises from Picozzi's allegations, pursuant to 28 U.S.C. § 1983, regarding his treatment while he was incarcerated at the Clark County Detention Center ("CCDC"). Upon review of the Amended Complaint (ECF No. 14), the court issued a Screening Order (ECF No. 15) finding that Picozzi stated the following plausible claims: (1) Eighth Amendment claim of excessive force against Defendants Sergeant Judd and Officer Garcia, as well as John Doe correctional officers #1 and #2; (2) Eighth Amendment claim of deliberate

1

indifference to a serious medical need against Defendant Officer Hightower and Jane Doe nurse #1; (3) Fourteenth Amendment claim of violation of access to the courts against Defendant Officers Hightower, Daos, Goins, Hans, Brooks, Phillips, Carr, Jolley, and Coker, as well as John Doe correctional officers #4 and #5; and (4) First Amendment claim of interference with his right to legal correspondence against Defendant Razzo and John Doe CCDC mail room officer. *Id*. at 14. By acknowledging that his claims implicate doe defendants, Mr. Picozzi was given an opportunity through discovery to identify the unknown defendants. *Id*. at 14 n.6–9.

Defendants Coker, Daos, Goins, Hightower, Judd, and Phillips ("CCDC Defendants") were served in March 2016. *See* Executed Summons (ECF No. 21). However, the USM was unable to locate Defendants Brooks, Carr, Garcia, Hans, Jolley, Razzo ("Unserved Defendants") to complete service. *See* Unexecuted Summons (ECF No. 20). Since then, Picozzi has filed motions seeking additional information to complete service. On June 1, 2016, the court entered a Scheduling Order (ECF No. 28) commencing discovery. In separate recent orders, the court extended the Scheduling Order deadlines at the request of the parties and granted Picozzi's motions, issuing a subpoena to the custodian of records for CCDC and directing the U.S. Marshals Service to again attempt service with the information received through subpoena.

## DISCUSSION

**I.   MOTIONS FOR LEAVE TO TAKE DEPOSITIONS OF WITNESSES (ECF NO. 37) AND FOR X-RAY AND MRI ON LOWER BACK (ECF NO. 42)**

Pursuant to Rule 30 of the of the Federal Rules of Civil Procedure,[1] Mr. Picozzi' asks the court for leave to take the depositions of 11 Defendants and an additional 13 CCDC employees.[2] Mot. (ECF No. 37). He asserts that the depositions are necessary to prepare and prove his case. Given his incarceration, Picozzi states that depositions may go forward "at a place the court finds appropriate." In their Opposition (ECF No. 40), the CCDC Defendants state that Picozzi has

---

[1] All references to a "Rule" or the "Rules" in this Order refer to the of the Federal Rules of Civil Procedure.

[2] As noted in a separate order, "Nurse Amanda" is currently not a named party in this case. Plaintiff must file either a notice or a motion specifically identifying which allegations are attributable to Nurse Amanda and the doe defendant that he is substituting with Nurse Amanda.

2

misinterpreted Rule 30 because the rule does not give an incarcerated IFP plaintiff a right to take the deposition of a party or other witness.[3] Additionally, the Opposition notes that he has failed to tell the court how he intends to pay the costs associated with taking the depositions, or handle the logistics of such depositions. The CCDC Defendants argue that written discovery will likely provide the same information Picozzi is seeking through depositions and he may also complete depositions by written questions under Rule 31(a). In his Reply (ECF No. 48), Picozzi asserts that the CCDC Defendants refusal to answer his written discovery requests is even more reason for the depositions to occur. He "believes the County should be responsible for the cost" of the depositions because he was under the County's control while at CCDC. Thus, he asks the court for permission to schedule six depositions per day for four days at the High Desert State Prison where he is currently incarcerated.

When a party receives permission to proceed IFP, the party is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. *See* 28 U.S.C. § 1915. However, the Local Rules of Practice state that IFP status "does not waive the applicant's responsibility to pay expenses of litigation" that are not covered by § 1915." *See* LSR 1-8. The *in forma pauperis* statute does not allow for payment of litigation expenses such as depositions. Similarly, the Supreme Court has held that an inmate's constitutional right of access to courts does not impose "an affirmative obligation on the states to finance and support prisoner litigation." *Lewis v. Casey*, 518 U.S. 343, 384 (1996). Likewise, nothing in the Rules or Ninth Circuit case authority require defendants or the courts to finance or subsidize fees and costs associated with prosecuting a civil action. *See*, *e.g.*, *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989).

Mr. Picozzi qualified for IFP status because he lacks the financial resources to pay the filing fee. However, IFP status does not provide funds for taking depositions or authorize shifting

---

[3] The CCDC Defendants specifically reference Rule 30(a)(2)(B) in the Opposition; however, Mr. Picozzi did not cite that particular provision in his moving papers. Rule 30(a)(2)(B) states that a party must obtain leave of the court to conduct a deposition "if the *deponent* is confined in prison." *Id*. (emphasis added). A "deponent" is the person "who testifies by deposition" or "who gives written testimony for later use in court." Black's Law Dictionary (10th ed. 2014). Because the Defendants and witnesses who Picozzi wishes to depose are not incarcerated, the court notes that Rule 30(a)(2)(B) does not apply.

discovery or other litigation costs to opposing parties or a government entity. Taking depositions is quite expensive. The party noticing and taking a deposition is responsible to make the logistical arrangements for the time and place of the deposition and to pay for the appearance of a certified court reporter and for an original and one copy of the deposition transcript. In this district the cost of a single deposition is typically about $1,000 or more. Picozzi wants to take 24 depositions but has not shown he has the financial ability to pay the associated costs. He is not entitled to take the depositions at public expense or to shift the costs to the CCDC Defendants. An incarcerated person may obtain discovery from parties by serving them with a deposition by written questions under Rule 31, interrogatories under Rule 33, and requests for production of documents under Rule 34.

Additionally, Mr. Picozzi asserts that an x-ray and MRI of his right hip and lower back are necessary to prepare and prove his case. Mot. (ECF No. 42). He asserts that CCDC denied him medical treatment for the injuries he suffered at the hands of CCDC corrections officers. Because they have denied his medical requests and stolen his medical requests and grievance forms, Picozzi asks the court to order the medical department at the High Desert State Prison, or a facility to which he is transferred, to complete an x-ray and MRI for him.

Rule 35 authorizes a district court to order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a licensed professional. Fed. R. Civ. P 35(a)(1). But this rule does not authorize a party to seek his own free examination to obtain evidence to prosecute his case. *Smith v. Carroll*, 602 F. Supp. 2d 521, 526 (D. Del. 2009). Instead, under appropriate circumstances, it allows the court to order a party to submit to a physical examination at the request of an *opposing party*. *Id.* "[N]o civil litigant, even an indigent one, has a legal right" to compel the government to bear a cost for the litigant to establish a fundamental element of his case. *See, e.g.*, *Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003) (unpublished).

Here, Mr. Picozzi requests medical testing for the specific purpose of gathering evidence to be used in this civil rights action. His IFP status, however, does not extend to discovery and litigation related expenses, which includes medical exams such as x-rays or MRIs. Additionally, the court notes that the Nevada Department of Corrections, the High Desert State Prison, and their

4

staff are not parties to this case. As such, the court lacks jurisdiction to issue orders in this case to the state agency or the prison regarding the custody of a state prisoner. These motion are therefore denied.

## II.   MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 41)

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982). Pursuant to 28 U.S.C. § 1915(e)(1), the court may ask an attorney to represent a litigant proceeding *in forma pauperis*. *Id*. This statute does not require that the court appoint counsel or authorize the court to direct payment for a litigant's attorney's fees, it merely allows the court to request that an attorney represent an indigent litigant on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986).

The appointment of counsel is limited to cases presenting exceptional circumstances. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The word "exceptional" is defined as "out of the ordinary course, unusual," or "rare." *See* Oxford English Dictionary (Oxford Univ. Press 2015). In deciding whether to appoint counsel, the court should consider: (1) the likelihood of success of the pro se party's claims on the merits, and (2) the ability of the party to articulate claims pro se in light of the complexity of the legal issues involved. *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (finding that neither factor is controlling).

Mr. Picozzi's motion asks the court to appoint counsel because his imprisonment greatly impedes his ability to litigate his claims. He has received permission to proceed IFP in this case and he asserts that he is unable to afford counsel. Picozzi represents he has made repeated attempts to retain counsel without success. He has limited formal education or knowledge of the law. He asserts that legal issue in this case are complex and will require significant research and investigation; however, his access to the law library is limited. A trial in this case will likely involve conflicting testimony, and counsel would better enable Picozzi to present evidence, cross-examine witnesses, and take depositions. Thus, he asks the court to appoint counsel.

This is the second time Mr. Picozzi has requested the appointment of counsel. *See* Mot. Appt. Counsel (ECF No. 4). The court denied the previous motions because he did not establish exceptional circumstances exist to justify the appointment of counsel. *See* Order (ECF No. 8). Although he now asserts that an attorney would not have problems with legal mail being lost and motions not being filed with the court, which Picozzi is experiencing, the current motion fails to present a change in circumstances as it relates to the "exceptional circumstances" factors the court must consider for the appointment of counsel. The Amended Complaint states colorable claims against the Defendants. At this stage of the proceedings, the court is unable to assess the likelihood of success of the claims on their merits. However, the court finds that the facts alleged and legal issues raised are not especially complex. Since commencing this action, Picozzi has submitted discovery requests to the CCDC Defendants and numerous motions to the court. Thus, he has demonstrated sufficient ability to write and articulate his claims. The court appreciates that it is difficult for pro se parties to litigate their claims and that almost every pro se party would benefit from representation by counsel. However, the court cannot require counsel to accept representation on a pro bono basis, and the number of attorneys available to accept a pro bono appointment is very small. The motion is therefore denied.

Accordingly,

**IT IS ORDERED:** Plaintiff Mark Picozzi's Motion for Leave to Take Depositions of Witnesses (ECF No. 37), Motion for Appointment of Counsel (ECF No. 41), and Motion for X-Ray and MRI on Lower Back (ECF No. 42) are **DENIED**.

Dated this 31st day of October, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE