UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARK PICOZZI,<br><br>    Plaintiff,<br><br>v.<br><br>CLARK COUNTY DETENTION CENTER, et al.,<br><br>    Defendants. | Case No. 2:15-cv-00816-JCM-PAL<br><br>**ORDER**<br><br>(Mot. Return Docs. – ECF No. 47;<br>Mot. Compel – ECF No. 49;<br>Mot. Rulings – ECF No. 51) |

This matter is before the court on Plaintiff Mark Picozzi's Motion for Emergency Order of Return of Documents (ECF No. 47), Motion to Order Defendants to Answer Interrogatories and Produce Documents (ECF No. 49), and Motion for Rulings on Motions (ECF No. 51). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**BACKGROUND**

Mr. Picozzi is a pro se prisoner currently in the custody of the Nevada Department of Corrections. He has received permission to proceed in this case *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. *See* IFP Application (ECF No. 3); Screening Order (ECF No. 15). This case arises from Picozzi's allegations, pursuant to 28 U.S.C. § 1983, regarding his treatment while he was incarcerated at the Clark County Detention Center ("CCDC"). Upon review of the Amended Complaint (ECF No. 14), the court issued a Screening Order (ECF No. 15) finding that Picozzi stated the following plausible claims: (1) Eighth Amendment claim of excessive force against Defendants Sergeant Judd and Officer Garcia, as well as John Doe correctional officers #1 and #2; (2) Eighth Amendment claim of deliberate indifference to a serious medical need against Defendant Officer Hightower and Jane Doe nurse

#1; (3) Fourteenth Amendment claim of violation of access to the courts against Defendant Officers Hightower, Daos, Goins, Hans, Brooks, Phillips, Carr, Jolley, and Coker, as well as John Doe correctional officers #4 and #5; and (4) First Amendment claim of interference with his right to legal correspondence against Defendant Razzo and John Doe CCDC mail room officer. *Id*. at 14. By acknowledging that his claims implicate doe defendants, Mr. Picozzi was given an opportunity through discovery to identify the unknown defendants. *Id*. at 14 n.6–9.

## DISCUSSION

### I. MOTION FOR EMERGENCY ORDER OF RETURN OF DOCUMENTS (ECF NO. 47)

In this motion, Mr. Picozzi claims that an assistant from the prison law library came to the unit where he is housed and took documents from him. He asked for copies of the documents and a receipt to show that the documents were given to the assistant for copying. However, Picozzi asserts that the assistant walked away, taking the documents from him and ignoring his request for a receipt. He therefore asks the court for an order that all documents of grievances, requests, letters to and from the court, receipts of inmate account, and notes be returned to him immediately.

Here, the Nevada Department of Corrections, the High Desert State Prison, and their staff are not parties to this case. As such, the court lacks jurisdiction to issue an order providing the relief Picozzi requested. The motion is therefore denied. Mr. Picozzi is advised to utilize the prison's grievance procedures to address his concerns.

### II. MOTION TO ORDER DEFENDANTS TO ANSWER INTERROGATORIES AND PRODUCE DOCUMENTS (ECF NO. 49)

Mr. Picozzi's motion asks the court to order the CCDC Defendants to respond to his written discovery requests after their counsel refused to do so. He asserts that he received a response from CCDC Defendants Judd, Coker, Daos, Hightower, and Phillips on September 26, 2016. However, the responses did not answer most of the interrogatories and they refused to turn over documents. In their Opposition (ECF No. 50), the CCDC Defendants point out that Picozzi failed to include with his motion a certification that he attempted to meet and confer with defense counsel in good faith. Since the motion shows that Picozzi has in fact received responses, the CCDC Defendants assert his actual contention is that his discovery requests were not answered to his satisfaction.

2

The Opposition further argues that Picozzi has been provided over 870 documents related to this matter, some of which are specifically responsive to his requests for production of documents. No reply brief was filed and the deadline for doing so has now expired.

"Discovery is supposed to proceed with minimal involvement of the Court." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d. 1137, 1145 (D. Nev. 2015). Litigants and their counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *Id*. (citing *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)). Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a motion to compel discovery materials may only be filed when a timely discovery request has been served, the opposing party has not responded or has inadequately responded, and the moving party has attempted in good faith to resolve any dispute about the adequacy of the discovery responses without the court's intervention. *See* Fed. R. Civ. P. 37(a). The Local Rules of Practice state that discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request. *See* LR 26–7(c). The "meet and confer" process requires the parties "to communicate directly and discuss in good faith the issues required under the particular rule or court order." *See* LR IA 1-3(f).

The "meet and confer" requirement is reciprocal and applies to all participants. LR IA 1-3(f). "Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference." LR IA 1-3(f). The exchange of written, electronic, or voice-mail communications do not satisfy the "meet and confer" requirement. *Id*.

A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention. As a general rule, parties with discovery disputes are required to conduct personal, two-way communication to attempt to resolve their disputes without judicial intervention. *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). A personal consultation occurs when the parties "present to each

1  other the merits of their respective positions with the same candor, specificity, and support during
2  the informal negotiations as during the briefing of discovery motions." *Cardoza*, 141 F. Supp. 3d.
3  at 1145 (citing *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993)).  This "meet and
4  confer" obligation promotes an open exchange between litigants "to resolve issues by agreement
5  or to at least narrow and focus matters in controversy before judicial resolution is sought."
6  *ShuffleMaster*, 170 F.R.D. at 170.  To ensure that parties comply with these requirements, Federal
7  Rule of Civil Procedure 37(a)(1) requires that the party bringing a motion to compel discovery
8  must "include a certification that the movant has in good faith conferred or attempted to confer
9  with the person or party failing to make disclosure or discovery in an effort to obtain it without
10 court action."  *See also* LR 26–7(b).  Movants must file certifications that "accurately and
11 specifically convey to the court who, where, how, and when the respective parties attempted to
12 personally resolve the discovery dispute." *Id*. (citing *Monsanto*, 151 F.R.D. at 120).

13         Mr. Picozzi has not complied with the meet and confer requirement imposed by LR 26–7
14 and Rule 37(a)(2)(B).  Where one of the parties is a prisoner, the court does not require in-person
15 meetings and allows the prisoner and defense counsel to meet and confer by telephone or by
16 exchanging letters.  Although the format of the meet-and-confer process changes, the substantive
17 requirement remains the same—namely, the parties must engage in a good faith effort to meet and
18 confer in a good faith effort to resolve the dispute before seeking court intervention.  *See* LR IA
19 1-3(f). Additionally, Picozzi's motion does not include the full text of the discovery requests and
20 responses for which he seeks an order compelling further responses for the court to review.  Local
21 Rule 26–7 requires that a party filing a motion to compel "set forth in full the text of the discovery
22 originally sought and the response thereto, if any." LR 26–7(a).  The purpose of this rule is to give
23 the court sufficient information to evaluate whether the information sought is relevant and
24 discoverable and whether the responses are sufficient or require supplementation.  Mr. Picozzi has
25 not complied with these requirements; therefore, the court is unable to evaluate the adequacy of
26 the Defendants' responses on the merits.  For the reasons explained, the motion is denied without
27 prejudice.
28 / / /

4

### III. MOTION FOR RULINGS ON MOTIONS (ECF NO. 51)

In this motion, Picozzi asks the court for rulings on his pending motions. Without such rulings, he asserts he is being prejudiced by the court's failure to issue timely rulings. He states that he will not go forward with his scheduled deposition on October 28, 2016, until the court makes the necessary rulings in this case.

The court has hundreds of active cases. Criminal cases have priority and, in the absence of a true emergency,[1] all motions filed in civil cases are processed in the order in which they are filed. Filing requests to expedite rulings and duplicate or emergency motions will not speed up the process. In fact, such requests actually slow the process because it creates more motions and triggers another round of briefs filed. In short, Mr. Picozzi must wait his turn like all other civil litigants. The motion is denied.

Accordingly,

**IT IS ORDERED:** Plaintiff Mark Picozzi's:

1. Motion for Emergency Order of Return of Documents (ECF No. 47) is DENIED.
2. Motion to Order Defendants to Answer Interrogatories and Produce Documents (ECF No. 49) is DENIED without prejudice
3. Motion for Rulings on Motions (ECF No. 51) is DENIED.

Dated this 2nd day of November, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[1] LR 7-4 of the Local Rules of Practice discusses the requirements for submitting emergency motions and notes that such motions "should be rare." *See also Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 1137, 1144–45 (D. Nev. 2015).