UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARK PICOZZI,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CLARK COUNTY DETENTION CENTER, et al.,<br><br>　　　　　Defendants. | Case No. 2:15-cv-00816-JCM-PAL<br><br>**ORDER**<br><br>(Mot. Serve Subpoena – ECF No. 32;<br>Mot. Proof Service – ECF No. 43;<br>Mot. Serve Defs. – ECF No. 44) |

　　　This matter is before the court on Plaintiff Mark Picozzi's Motion to Serve Subpoena to Unserved Defendants (ECF No. 32), Motion for Proof of Service (ECF No. 43), and Motion for an Order to Serve Defendants (ECF No. 44).  These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**BACKGROUND**

　　　Mr. Picozzi is a pro se prisoner currently in the custody of the Nevada Department of Corrections.  He has received permission to proceed in this case *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice.  *See* IFP Application (ECF No. 3); Screening Order (ECF No. 15).  This case arises from Picozzi's allegations, pursuant to 28 U.S.C. § 1983, regarding his treatment while he was incarcerated at the Clark County Detention Center ("CCDC").  Upon review of the Amended Complaint (ECF No. 14), the court issued a Screening Order (ECF No. 15) finding that Picozzi stated the following plausible claims: (1) Eighth Amendment claim of excessive force against Defendants Sergeant Judd and Officer Garcia, as well as John Doe correctional officers #1 and #2; (2) Eighth Amendment claim of deliberate indifference to a serious medical need against Defendant Officer Hightower and Jane Doe nurse #1; (3) Fourteenth Amendment claim of violation of access to the courts against Defendant

1  Officers Hightower, Daos, Goins, Hans, Brooks, Phillips, Carr, Jolley, and Coker, as well as John
2  Doe correctional officers #4 and #5; and (4) First Amendment claim of interference with his right
3  to legal correspondence against Defendant Razzo and John Doe CCDC mail room officer. *Id*. at
4  14. By acknowledging that his claims implicate doe defendants, Mr. Picozzi was given an
5  opportunity through discovery to identify the unknown defendants. *Id*. at 14 n.6–9.

6        The court directed the Clerk of the Court to issue summons to the named defendants and
7  instructed Picozzi to provide the U.S. Marshals Service ("USM") with the information to serve
8  them. *Id*. He was instructed that, if the USM returns any summons unexecuted for any
9  defendant(s) and he wishes to have service attempted again on an unserved defendant(s), he must
10 file a motion "identifying the unserved defendant(s) and specifying a more detailed name and/or
11 address for said defendant(s), or whether some other manner of service should be attempted." *Id*.

12       Defendants Coker, Daos, Goins, Hightower, Judd, and Phillips ("CCDC Defendants")
13 were served on March 23, 2016. *See* Executed Summons (ECF No. 21). Mr. Picozzi properly
14 submitted the USM-285 forms for Defendants Brooks, Carr, Garcia, Hans, Jolley, Razzo
15 ("Unserved Defendants"); however, the USM was unable to locate these Unserved Defendants or
16 complete service. *See* Unexecuted Summons (ECF No. 20). On April 4, 2016, Picozzi filed a
17 Motion to Serve the Unserved Defendants (ECF No. 23). The motion was denied; however, the
18 court instructed the Clerk of the Court to resend Picozzi twelve USM-285 forms and directed him
19 to complete the forms to again attempt service. *See* July 29, 2016 Order (ECF No. 31).

20 **DISCUSSION**

21 **I.  MR. PICOZZI'S MOTIONS (ECF NOS. 32, 43, 44)**

22       The current motions ask the court to enter orders: (1) to issue and serve a subpoena on
23 CCDC and, (2) to instruct the USM to serve the Unserved Defendants. The proposed subpoena
24 presents questions to the custodian of records for CCDC to identify the Unserved Defendants' full
25 names and badge numbers. *See* Mot. to Serve Subpoena (ECF No. 32). Picozzi requests the
26 information to further his efforts to accomplish service. *Id*. In August 2016, he completed the
27 new USM-285 forms he received as a result of the July 29, 2016 Order (ECF No. 31), and returned
28 the forms via mail to the USM. *See* Mot. Proof of Service (ECF No. 43). Approximately three

weeks later, Picozzi had not received a response from the USM. *Id*. Thus, he filed the motion requesting the status of service. *Id*. Shortly thereafter, he filed a new motion attaching a response letter from the USM, dated September 8, 2016. *See* Mot. for Order to Serve (ECF No. 44). The USM informed Picozzi that it needs a court order directing service of the summons and complaint on the Unserved Defendants. *Id*. Thus, he filed the motion requesting such an order. *Id*. The court will address these requests in turn.

## II.   SUBPOENA TO CCDC

To obtain the information required to serve a defendant, a plaintiff may use whatever resources and means are available to him, including but not limited to: (1) contacting persons who a plaintiff believes were witnesses to the alleged incident that forms the basis the action; (2) contacting a defendant's counsel or previous counsel; (3) obtaining from the appropriate source(s) copies of jail records concerning the alleged incident, such as any records of a plaintiff's administrative grievance or medical records; and/or (4) utilizing the subpoena procedure authorized by Rule 45 of the Federal Rules of Civil Procedure.[1]

A party may compel a person who is not a party to an action to produce documents for inspection and copying pursuant to a subpoena *duces tecum*. *See* Fed. R. Civ. P. 34(c), 45(a). Pursuant to the IFP statute, 28 U.S.C. § 1915, the USM is required to "issue and serve all *process*" for an indigent plaintiff, but the statute does not include service of subpoenas. *See* § 1915(d) (emphasis added). Thus, an IFP plaintiff is responsible for paying all fees and costs associated with subpoenas. *Tedder v. Odel*, 890 F.2d 210, 211, 211–12 (9th Cir. 1989) (finding that § 1915 provides for service of process for an indigent's witnesses but "does not waive payment of fees or expenses for those witnesses"); *see also Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). However, when a plaintiff states a colorable claim against a defendant corrections officer but lacks information to fully identify or locate the officer, the plaintiff must be given the opportunity to discover the identity of the officer from the corrections facility. *See, e.g.*, *Cottrell v. Unknown Corr. Officers, 1-10*, 230 F.3d 1366 (9th Cir. 2000) (unpublished).

---

[1] All references to a "Rule" or "Rules" in this Order refer to the of the Federal Rules of Civil Procedure.

Here, Mr. Picozzi has stated colorable claims against the Unserved Defendants but he lacks sufficient information to allow the USM to serve them. To expedite resolution of the case on the merits and in lieu of directing issuance of a subpoena *duces tecum*, the court will direct that counsel for the CCDC Defendants investigate and provide to the court *under seal* the full names, badge numbers, last known addresses, and telephone numbers of the Unserved Defendants. This will protect the confidential personal identification and location information of law enforcement personnel but provide the USM with the information needed for service. Counsel for the CCDC Defendants will also be required to file a notice on the public docket stating that they have complied with this Order. Once Picozzi receives notice of compliance, he must file a motion requesting an order for USM service within 14 days. The court therefore grants the Motion to Serve Subpoena (ECF No. 32) in part and will direct counsel for the CCDC Defendants to submit the Unserved Defendants' personal information under seal and file a notice of compliance on the public docket. Picozzi will have 14 days from the notice of compliance to file a motion requesting an order directing the USM to serve the Unserved Defendants.

### III.   PROOF OF SERVICE

The Motion for Proof of Service (ECF No. 43) requests the status of service for the unserved Defendants. However, Mr. Picozzi has now received a response letter from the USM informing him that it needs a court order directing service of the summons and complaint on the Unserved Defendants. The USM's letter provided the status of service. Thus, the motion is denied as moot.

### IV.   SERVICE OF PROCESS

Rule 4 governs service of process, a formal delivery of documents that is legally sufficient give the defendant notice of a pending action. *R. Griggs Group Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1103 (D. Nev. 1996) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988)). Rule 4(m) states that a defendant must be served within 90 days after a complaint is filed. A court may dismiss an action without prejudice if the summons and complaint are not served on the defendants within 90 days or such further time as ordered by the court. *Id.*; *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Rule 4(m) requires the court to extend the time

for service if a plaintiff shows good cause for the failure to timely serve the complaint. As a general matter, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the procedural rules. *Martin v. Longbeach*, 246 F .3d 674 (9th Cir. 2000). "At a minimum, good cause means excusable neglect." *Id*.

In cases involving an incarcerated pro se plaintiff, Rule 4 requires the USM to serve the summons and the complaint upon order of the court. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). Thus, an incarcerated plaintiff is entitled to rely on the USM for service of the summons and complaint and "should not be penalized by having his action dismissed for failure to effect service" if the USM or the court clerk failed to perform their duties. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). However, it is the plaintiff's responsibility to provide the USM with information necessary to identify each defendant to be served. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause' " for an extension of the service deadline. *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). Thus, although an incarcerated plaintiff is entitled to rely on the USM for service, that reliance is only proper when he has provided the USM with accurate and sufficient information to effectuate service. *Puett*, 912 F.2d at 275; *Walker*, 14 F.3d at 1421–22.

**A.     The Unserved Defendants**

Here, the court construes the Motion for Order to Serve (ECF No. 44) as a request for an extension of time to complete service. Mr. Picozzi properly submitted a USM-285 form; however, the USM was unable to locate the unserved Defendants. *See* Unexecuted Summons (ECF No. 20). He timely filed his motion requesting a subpoena to gather additional information to complete service. Picozzi has shown good cause to extend the time for service. The court therefore grants the Motion as to the unserved Defendants.

As stated above, the court will direct counsel for the CCDC Defendants to file with the court under seal full name, badge number, address, and telephone number of the unserved Defendants, and file a notice of compliance on the public docket. Picozzi will then have 14 days

to file a motion requesting an order directing the USM to serve the unserved Defendants. The court will then reset the service deadline and the USM will reattempt service. However, Picozzi is cautioned that he is ultimately responsible for providing the USM with accurate and sufficient information to effectuate service. If the USM is unable to serve the Unserved Defendants with the information provided in the notice and he wishes to have service attempted again, he must file a timely motion specifying a more detailed name and/or address for each defendant, or whether some other manner of service should be attempted. Pursuant to Rule 4(m), Picozzi's failure to comply with this Order by accomplishing service will result in a recommendation to the district judge that the Unserved Defendants be dismissed from this case without prejudice.

### B.     Nurse Amanda

Mr. Picozzi requests that the order for service include "Nurse Amanda." *See* Motion for Order to Serve (ECF No. 44). Nurse Amanda was not specifically named as a defendant in his Amended Complaint (ECF No. 14). However, the Screening Order (ECF No. 15) states that the "Eighth Amendment claim of deliberate indifference to his serious medical need also implicates Jane Doe nurse #1. … This claim shall proceed against Jane Doe nurse #1 when the plaintiff learns her identity." *Id*. at 14 n.7. The motion does not indicate whether Nurse Amanda is, in fact, Jane Doe nurse #1 or a different doe defendant.

The Ninth Circuit has held that where when a plaintiff does not know the identity of a defendant prior to filing a complaint, he "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Once the plaintiff learns the name of a doe defendant in discovery, he may file a notice with the court to substitute the exact allegations against that doe defendant in the complaint with that person's name. For example, if a plaintiff learned that Yosemite Sam was the person whose conduct he described in a complaint as John Doe #1, plaintiff may file a notice indicating that he substitutes Yosemite Sam in place of John Doe #1 described in the complaint at paragraph numbers ___ and/or page ___ and line ___. *See, e.g.*, *Toscano v. Lewis*, Case No. 12-cv-5893-EMC-PR, 2013 WL 1632691,

at *8–9 (N.D. Cal. Apr. 16, 2013). The notice must identify *each and every instance* in which Yosemite Sam was the person referred to as John Doe #1. If the notice fails to identify and attribute any particular allegation to Yosemite Sam, the notice will not be effective and will not substitute Yosemite Sam in place of John Doe #1 for that specific allegation. However, a plaintiff must file a motion amend the operative complaint, instead of a notice, if he wishes to add defendants or add allegations against a substituted defendant. *Id*.

If Mr. Picozzi wants to substitute Nurse Amanda for Jane Doe nurse #1, or some other Doe defendant, he must file a notice with the court stating which doe defendant he is substituting with Nurse Amanda and identifying each and every paragraph number and/or page number and line number in the Amended Complaint (ECF No. 14) where he described Nurse Amanda. Service will not be ordered for Nurse Amanda until a substitution occurs because Nurse Amanda is not a party to the case at this time.

Accordingly,

**IT IS ORDERED:**

1. The Motion to Serve Subpoena (ECF No. 32) is GRANTED IN PART AND DENIED IN PART as explained in this Order.
2. The Motion for Proof of Service (ECF No. 43) is DENIED.
3. The Motion for an Order to Serve Defendants (ECF No. 44) is GRANTED.
4. The CCDC Defendants SHALL FILE NOTICE *UNDER SEAL* providing the full name, badge number, address, and telephone number of Defendants officer Brooks, officer Carr, officer Garcia, officer Hans, officer Jolley, and officer Razzo, if available, to facilitate service of the Amended Complaint. If any of these Defendants are no longer employed with CCDC, the notice shall provide the full name, badge number, and last known address and telephone number of the former employees. The CCDC Defendants shall file this notice *under seal* by **November 10, 2016.**
5. The CCDC Defendants SHALL FILE NOTICE on the public docket by **November 10, 2016**, stating that they have complied with this Order.

6. Once Picozzi receives the notice of compliance, he must file a motion requesting an order directing the USM to serve the Unserved Defendants **within 14 days**. The court will reset the service deadline upon the filing of this motion.

7. Mr. Picozzi's failure to comply with this Order by serving the Unserved Defendants will result in a recommendation to the district judge that Defendants Brooks, Carr, Garcia, Hans, Jolley, and Razzo be dismissed without prejudice.

Dated this 2nd day of November, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE