1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7    MARK PICOZZI,                                Case No. 2:15-cv-00816-JCM-PAL

8                                    Plaintiff,

9          v.                                            **ORDER**

10   CLARK COUNTY DETENTION CENTER,        (Mot. Copy Depo. – ECF No. 56;
     et al.,                                                    Mot. Jane Doe #1 – ECF No. 58;
11                                                              Mot. Dkt. Sheet – ECF No. 65)
                                     Defendants.
12

13          This matter is before the court on Plaintiff Mark Picozzi's Motion for Copy of Deposition

14   (ECF No. 56); Motion to Name Jane Doe #1 as Nurse Amanda Vertner (ECF No. 58), and Motion

15   Get Docket Sheet (ECF No. 65).  These Motions are referred to the undersigned pursuant to 28

16   U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

17                                              **BACKGROUND**

18          Mr. Picozzi is a pro se prisoner currently in the custody of the Nevada Department of

19   Corrections.  He has received permission to proceed in this case *in forma pauperis* ("IFP") pursuant

20   to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice.  *See* IFP Application (ECF No. 3);

21   Screening Order (ECF No. 15).  This case arises from Picozzi's allegations, pursuant to 28 U.S.C.

22   § 1983, regarding his treatment while he was incarcerated at the Clark County Detention Center

23   ("CCDC").  Upon review of the Amended Complaint (ECF No. 14), the court issued a Screening

24   Order (ECF No. 15) finding that Picozzi stated the following plausible claims: (1) Eighth

25   Amendment claim of excessive force against Defendants Sergeant Judd and Officer Garcia, as

26   well as John Doe correctional officers #1 and #2; (2) Eighth Amendment claim of deliberate

27   indifference to a serious medical need against Defendant Officer Hightower and Nurse Jane Doe

28   #1; (3) Fourteenth Amendment claim of violation of access to the courts against Defendant

1   Officers Hightower, Daos, Goins, Hans, Brooks, Phillips, Carr, Jolley, and Coker, as well as John

2   Doe correctional officers #4 and #5; and (4) First Amendment claim of interference with his right

3   to legal correspondence against Defendant Razzo and John Doe CCDC mail room officer.  *Id*. at

4   14.  By acknowledging that his claims implicate doe defendants, Mr. Picozzi was given an

5   opportunity through discovery to identify the unknown defendants.  *Id*. at 14 n.6–9.

6   **DISCUSSION**

7   **I.    MOTION FOR COPY OF DEPOSITION**

8       Picozzi asks the court to order defense counsel to provide him with a transcript of his

9   deposition testimony, which was taken on October 28, 2016, at High Desert State Prison.  He states

10  that counsel informed him that he would need a court order to obtain the transcript.  Picozzi asserts

11  that he is entitled to a copy pursuant to the "Discovery Rule" of the Federal Rules of Civil

12  Procedure.  Mot. (ECF No. 56).  In their Response (ECF No. 63), Defendants Sergeant Judd,

13  Corrections Officers Hightower, Daos, Goins, Hans, Brooks, Phillips, and Coker ("CCDC

14  defendants") argue that there is no legal basis upon which Defendants should be forced to provide

15  him with a deposition transcript.  Counsel advised Picozzi at his deposition that he would be

16  required to pay for a copy of the transcript.  Additionally, the court reporter asked counsel for the

17  CCDC defendants not to provide a transcript to Picozzi since he did not order a copy for himself.

18  *See* Resp. Ex. B (ECF No. 63-2).  Picozzi did not file a reply and the deadline to do so has expired.

19      The Supreme Court has held that an inmate's constitutional right of access to courts does

20  not impose "an affirmative obligation on the states to finance and support prisoner litigation."

21  *Lewis v. Casey*, 518 U.S. 343, 384 (1996).  Nothing in the Federal Rules of Civil Procedure or

22  Ninth Circuit case authority require defendants or the courts to finance or subsidize fees and costs

23  associated with prosecuting a civil action.  *See*, *e.g.*, *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir.

24  1993) (finding that "28 U.S.C. § 1915, the *in forma pauperis* statute, does not waive payment of

25  fees or expenses for witnesses") (citing *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989)).

26      The discovery provisions of the Federal Rules do not entitle a plaintiff to a free copy of his

27  deposition transcript.  *See, e.g.*, *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) (finding that the

28  *in forma pauperis* statute does not provide "for the payment by the government of the costs of

deposition transcripts, or any other litigation expenses"); *Rivera v. DiSabato*, 962 F. Supp. 38, 40 (D.N.J. 1997); *Tajeddini v. Gluch*, 942 F. Supp. 772, 782 (D. Conn. 1996). Rule 30 states that a court reporter must furnish a copy of a deposition transcript or recording to any party or the deponent when he or she is "*paid reasonable charges*." Fed. R. Civ. P. 30(f)(3) (emphasis added). Rule 30 does not contain a provision entitling an indigent litigant, to free transcripts of a deposition. Thus, if a plaintiff wishes to obtain a copy for his own records, he must pay for it.

Here, Picozzi has not cited to any specific statute or Rule authorizing the court to shift the transcript fee to the CCDC defendants. Picozzi seeks the transcript of his own deposition. Because he was deposed and answered the questions posed during that deposition he has within personal knowledge of the questions asked and his own responses. *See Rivera*, 962 F. Supp. at 41. Thus, his own notes and personal knowledge should be sufficient to assist him in prosecuting his case. The motion is denied.

## II.    MOTION TO NAME JANE DOE #1 AS NURSE AMANDA VERTNER

In a previous motion, Mr. Picozzi requested that an order for service include "Nurse Amanda." *See* Mot. for Order to Serve (ECF No. 44). However, the motion did not indicate whether Nurse Amanda is Nurse Jane Doe #1 or a different doe defendant. The court therefore instructed him that, if he "wants to substitute Nurse Amanda for Jane Doe nurse #1, or some other Doe defendant, he must file a notice with the court stating which doe defendant he is substituting with Nurse Amanda." *See* Nov. 2, 2016 Order (ECF No. 55) at 7.

Rather than filing a notice, Picozzi filed a motion to notify the court that Nurse Jane Doe #1 is Nurse Amanda Vertner and asking for an order directing the U.S. Marshals Service ("USM") to serve Vertner. Accordingly, Nurse Amanda Vertner will be substituted in place of Nurse Jane Doe #1. However, this substitution is limited to the claim alleged in the Amended Complaint (ECF No. 14) and found colorable in the Screening Order (ECF No. 15). The court previously informed Picozzi:

> The notice must identify ***each and every instance*** in which Yosemite Sam was the person referred to as John Doe #1. If the notice fails to identify and attribute any particular allegation to Yosemite Sam, the notice will not be effective and will not substitute Yosemite Sam in place of John Doe #1 for that specific allegation. However, a plaintiff must file a motion amend the operative complaint, instead of

1    a notice, if he wishes to add defendants or add allegations against a substituted
     defendant.

2    Order (ECF No. 55) at 7.

3        In the Screening Order (ECF No. 15), the court analyzed Count II of the amended

4    complaint finding that it stated an Eighth Amendment claim against Officer Hightower and Nurse

5    Jane Doe #1 for deliberate indifference to a serious medical need.  *Id*. at 7, 14 n.7.  Count II

6    specifically alleges two instances of wrongful conduct on April 20 and 21, 2014, when Nurse Jane

7    Doe #1 purportedly refused to provide medical help to Picozzi.  *See* Am. Compl. (ECF No. 14) at

8    12.  The Motion (ECF No. 58) states:

9
         Nurse Amanda was with Officer Hightower when the Plaintiff Mark Picozzi tried
10       to hand in medical requests to Nurse Amanda Vertner on April 20, 2014 and they
         walked away laughing.  *On numerous occasions*, the Plaintiff tried to turn in
11       Medical Requests to Nurse Amanda Vertner after the beating he suffered at the
         hands of Sgt. Judd, Officer Garcia, Officers John Doe #1 and John Doe #2.  Nurse
12       Vertner refused to take medical requests.

13   *Id*. at 1 (emphasis added).  To the extent Mr. Picozzi is attempting to alter the dates of his

14   allegations outside of April 20 and 21, 2014, or expand the allegations of wrongful conduct, the

15   substitution is not valid or effective.  *See* Nov. 2, 2016 Order (ECF No. 55) at 7.

16       Based on this substitution, the court will direct counsel for the CCDC Defendants to file

17   with the court under seal the last known address and telephone number of Nurse Amanda Vertner

18   and/or indicate whether counsel is authorized to accept service on her behalf.  Counsel shall then

19   file a notice of compliance on the public docket.

20       Picozzi has timely filed a Motion for Order to Serve the Unserved Defendants (ECF

21   No. 61); thus, he need not file another motion regarding service for Nurse Amanda Vertner.  Once

22   the notice regarding Nurse Amanda Vertner is filed, the court will address the pending motion

23   regarding service as well as the parties' Stipulation regarding Discovery Deadlines (ECF No. 64).

24   The court will then reset the service deadline and the USM will reattempt service.  However,

25   Picozzi is cautioned once again that he is ultimately responsible for providing the USM with

26   accurate and sufficient information to effectuate service.  If the USM is unable to serve the

27   unserved defendants with the information provided and he wishes to have service attempted again,

28

1   he must file a timely motion specifying a more detailed name and/or address for each defendant,

2   or whether some other manner of service should be attempted.  Pursuant to Rule 4(m), Picozzi's

3   failure to accomplish service will result in a recommendation to the district judge that the unserved

4   defendants be dismissed from this case without prejudice.

5   **III.    MOTION GET DOCKET SHEET**

6          Picozzi asks the court for a docket sheet as several motions filed with the court have not

7   been decided.  This order addresses and decides 3 of the 5 motions pending on the docket (ECF

8   Nos, 56, 58, & 65), and indicates that the court will address the other 2 (ECF No 61 & 64) as

9   specified in the order.  However, on this one occasion the court will instruct the Clerk of the Court

10  to mail him a copy of the docket sheet.

11         Accordingly,

12         **IT IS ORDERED:**

13  1.   The Motion for Copy of Deposition (ECF No. 56) is DENIED.

14  2.   The Motion to Name Jane Doe #1 as Nurse Amanda Vertner (ECF No. 58) is

15       GRANTED:

16       a.   Nurse Amanda Vertner is substituted in place of Nurse Jane Doe #1 in Count II

17            of the Amended Complaint (ECF No. 14) at 12.  Picozzi's Eighth Amendment

18            claim for deliberate indifference to a serious medical need shall proceed against

19            Officer Hightower and Nurse Amanda Vertner as alleged in Count II.

20       b.   The CCDC Defendants SHALL FILE NOTICE *UNDER SEAL* providing the

21            full name, badge number, address, and telephone number of Defendant Nurse

22            Amanda Vertner, if available, to facilitate service of the Amended Complaint.

23            If any she is no longer employed with CCDC, the notice shall provide her full

24            name, badge number, and last known address and telephone number.  The

25            CCDC Defendants shall file this notice *under seal* by **March 29, 2017.**

26       c.   The CCDC Defendants SHALL FILE A NOTICE of COMPLIANCE on the

27            public docket by **March 29, 2017**.

28       d.   Picozzi need not file another motion regarding service for Nurse Amanda

Vertner.  Once the notice of complaince regarding Nurse Amanda Vertner is filed, the court will address the pending motion regarding service and reset the service and discovery deadlines.

3.   The Motion to Get Docket Sheet (ECF No. 65) is GRANTED.  The Clerk of the Court is instructed to MAIL Plaintiff a copy of the docket sheet.

Dated this 15th day of March, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

6