UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARK PICOZZI,

　　　　　　　　　　　　Plaintiff,

　　　v.

CLARK COUNTY DETENTION CENTER, et al.,

　　　　　　　　　　　　Defendants.

Case No. 2:15-cv-00816-JCM-PAL

**ORDER**

(Mot. to Serve Defs. – ECF Nos. 61, 67)

This matter is before the court on Plaintiff Mark Picozzi's Motion For an Order to Serve the Unserved Defendants (ECF No. 61) and Motion to Have USM Serve Unserved Defendants (ECF No. 67). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice.

**BACKGROUND**

Mr. Picozzi is a pro se prisoner currently in the custody of the Nevada Department of Corrections. He has received permission to proceed in this case *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. *See* IFP Application (ECF No. 3); Screening Order (ECF No. 15). This case arises from Picozzi's allegations, pursuant to 28 U.S.C. § 1983, regarding his treatment while he was incarcerated at the Clark County Detention Center ("CCDC"). Upon review of the Amended Complaint (ECF No. 14), the court issued a Screening Order (ECF No. 15) finding that Picozzi stated four plausible claims. *Id*. at 14. The court directed the Clerk of the Court to issue summons to the named defendants and instructed Picozzi to provide the U.S. Marshals Service ("USM") with the information to serve them. *Id*.

Defendants Coker, Daos, Goins, Hightower, Judd, and Phillips ("CCDC Defendants") were served on March 23, 2016. *See* Executed Summons (ECF No. 21). However, the USM was

1

1    unable to locate or complete service for Defendants Brooks, Carr, Garcia, Hans, Jolley, Razzo

2    ("Unserved Defendants").  *See* Unexecuted Summons (ECF No. 20).

3        On November 2, 2016, the court entered an Order (ECF No. 55) directing counsel for the

4    CCDC Defendants to: (1) submit the Unserved Defendants' personal information under seal and

5    (2) file a notice of compliance on the public docket.  The court informed Mr. Picozzi that he would

6    have 14 days from the notice of compliance to file a motion requesting an order directing the USM

7    to serve the Unserved Defendants and, upon filing such motion, the court will reset the service

8    deadline and the USM will reattempt service.  *Id*.  Counsel for the CCDC Defendants timely

9    complied with the court's Order.  *See* Sealed Response (ECF No. 59); Notice (ECF No. 60).  The

10   Sealed Response indicated that service would be accepted for defendants Officer Michael Brooks,

11   Officer Joanne Hans, Officer Eduardo Garcia, Officer Gerald Razo, and retired Officer Lynn Jolly.

12   However, counsel stated there is no record of a current or former corrections officer named Carr.

13   Picozzi timely filed his Motion For an Order to Serve the Unserved Defendants (ECF No. 61).

14       On March 15, 2017, the court granted Mr. Picozzi's request to substitute Nurse Amanda

15   Vertner in place of Jane Doe #1.  *See* Order (ECF No. 66).  Based on this substitution, the court

16   directed counsel for the CCDC Defendants by March 29, 2017, to: (1) file under seal the last known

17   address and telephone number of Vertner and/or indicate whether counsel is authorized to accept

18   service on her behalf; and (2) file a notice of compliance on the public docket.  *Id*.  The court noted

19   that Picozzi had timely filed the motion (ECF No. 61) requesting service and he did not need not

20   file another motion regarding service for Vertner.  Order (ECF No. 66) at 4.  Once counsel filed

21   the notice regarding Vertner, the court stated that it would "address the pending motion regarding

22   service as well as the parties' Stipulation regarding Discovery Deadlines (ECF No. 64)."

23   Additionally, he was informed that the court will reset the service deadline and the USM will

24   reattempt service.  Counsel for the CCDC Defendants timely complied with the court's Order

25   regarding Vertner.  *See* Sealed Response (ECF No. 70); Notice (ECF No. 71).

26       On March 27, 2017, Picozzi filed a duplicative motion (ECF No. 67) regarding service of

27   the Unserved Defendants and Nurse Vertner.  The motion states that he has not received the full

28   names, badge numbers, addresses and telephone numbers of the Unserved Defendants pursuant to

1    the court's Order (ECF No. 55).  Thus, he asks the court for the Unserved Defendants' information

2    and an order for service on Vertner.

3                                              **DISCUSSION**

4            As a preliminary matter, the court clarifies that counsel for the CCDC Defendants *was not*

5    *ordered to disclose directly to Picozzi* the full names, badge numbers, addresses and telephone

6    numbers of the Unserved Defendants.  For privacy and security reasons, the addresses and

7    telephone numbers of law enforcement officers are not disclosed to incarcerated plaintiffs or made

8    available on the public docket.  Instead, the court ordered counsel to file the information with the

9    court *under seal* and also serve Picozzi with a notice that allows him to comply with his obligation

10   to request an order for service.  Once the information is filed under seal and an appropriate motion

11   for service is submitted, the court directs the clerk's office to provide the sealed information

12   *directly to the USM*.  Counsel for the CCDC Defendants  complied with the two Orders (ECF

13   Nos. 55, 66).

14           Mr. Picozzi's Motion For an Order to Serve (ECF No. 61) will be granted in part as to

15   defendants Brooks, Hans, Garcia, Razo, Jolly, and Vertner, and denied in part without prejudice

16   as to defendant Carr.  The court will direct the USM to: (1) reattempt service on defendants Brooks,

17   Hans, Garcia, Razo, and Jolly at the address provided in the Sealed Response (ECF No. 59); and

18   (2) attempt service on Vertner at the last known address provided in the Sealed Response (ECF

19   No. 70).  If the USM is unable to serve these defendants and Picozzi wishes to have service

20   attempted again, he must file a timely motion specifying a more detailed name and/or address, or

21   whether some other manner of service should be attempted.  Because defendant Carr was not

22   identified in the Sealed Response, Picozzi must file a timely motion specifying a different or more

23   detailed name and/or address for Carr, or whether some other manner of service should be

24   attempted.  However, he is once again warned that he is ultimately responsible for providing the

25   USM with accurate and sufficient information to effectuate service.  *See Walker v. Sumner*, 14

26   F.3d 1415, 1422 (9th Cir. 1994).  Pursuant to Rule 4(m), Picozzi's failure to comply with this

27   Order by accomplishing service by **June 5, 2017**, will result in a recommendation to the district

28   judge that this case be dismissed without prejudice.

The court will deny Picozzi's new motion (ECF No. 67) as duplicative. The court cautions Mr. Picozzi that filing multiple motions requesting the same relief is an abusive litigation tactic that taxes the resources of the court and all of the parties to this lawsuit. Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 439 (9th Cir. 1992) (upholding Rule 11 sanctions because a party's second motion to compel largely duplicated the first) (citing *Townsend v. Holman Consulting Corp.*, 929 F.3d 1358, 1362 (9th Cir. 1990) (en banc)). Once a motion is filed, filing a duplicate motion will not speed up the court's review of a movant's request since motions are generally addressed in the order which they were filed. To the contrary, filing duplicate motions increases the court's workload and generally delays decision while a new round of responses and reply deadlines run. Picozzi is warned that continued motion practice requesting relief that has already been requested or making frivolous, unsupported requests may result in the imposition of sanctions, including dismissal of this case.

Having reviewed and considered the matters,

**IT IS ORDERED:**

1. Plaintiff Mark Picozzi's Motion For an Order to Serve the Unserved Defendants (ECF No. 61) is GRANTED IN PART as to Defendants Brooks, Hans, Garcia, Razo, Jolly, and Vertner and DENIED IN PART without prejudice as to Defendant Carr.

2. Picozzi's Motion to Have USM Serve Unserved Defendants (ECF No. 67) is DENIED as duplicative.

3. The Clerk of the Court SHALL ISSUE SUMMONS ***UNDER SEAL*** for Defendants Officer Michael Brooks, Officer Joanne Hans, Officer Eduardo Garcia, Officer Gerald Razo, Officer Lynn Jolly, and Nurse Amanda Vertner and deliver the same to the USM for service along with a copy of the Amended Complaint (ECF No. 14), Sealed Responses (ECF Nos. 59, 70), and this Order.

/ / /

/ / /

4. The USM is directed to serve Defendants Officer Michael Brooks, Officer Joanne Hans, Officer Eduardo Garcia, Officer Gerald Razo, Officer Lynn Jolly, and Nurse Amanda Vertner at the addresses listed in the Sealed Responses (ECF No. 59, 70).

5. If the USM is unable to serve defendant(s) and Mr. Picozzi wishes to have service attempted again, he must timely file a motion specifying a more detailed name and/or address for defendant(s), or whether some other manner of service should be attempted.

6. Because defendant Carr was not identified in the Sealed Response, Picozzi must file a timely motion specifying a different or more detailed name and/or address for Carr, or whether some other manner of service should be attempted.

7. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline to accomplish service on all defendants is extended until **June 5, 2017**.

8. Mr. Picozzi must comply with this Order by accomplishing service by **June 5, 2017**, and his failure to complete service by that deadline may result in a recommendation to the district judge that any unserved defendant be dismissed without prejudice.

Dated this 6th day of April, 2017.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

5