UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARK PICOZZI,<br><br>    Plaintiff,<br><br>v.<br><br>CLARK COUNTY DETENTION CENTER, et al.,<br><br>    Defendants. | Case No. 2:15-cv-00816-JCM-PAL<br><br>**ORDER**<br>**- AND -**<br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Mot. for Order – ECF No. 89) |

This matter is before the court on Plaintiff Mark Picozzi's Motion for Court to Order CCDC to Provide Officer Jolley's Information (ECF No. 89), as well as his failure to serve defendant Carr. This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

## BACKGROUND

Mr. Picozzi is a *pro se* prisoner in the custody of the Nevada Department of Corrections. He has received permission to proceed in this case *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. *See* IFP Application (ECF No. 3); Screening Order (ECF No. 15). This case arises from Picozzi's allegations, pursuant to 28 U.S.C. § 1983, that his civil rights were violated while he was incarcerated at the Clark County Detention Center ("CCDC"). Upon review of the Amended Complaint (ECF No. 14), the court found that Picozzi stated plausible claims against 13 defendants: Sergeant Judd, Officers Hightower, Daos, Goins, Hans, Brooks, Phillips, Carr, Razzo, Jolley, Coker, Garcia, and Nurse Amanda Vertner.[1] *See* Screening Order (ECF No. 15).

---

[1] On March 15, 2017, the court granted Mr. Picozzi's request to substitute Nurse Amanda Vertner in place of Jane Doe #1. *See* Order (ECF No. 66).

1

Mr. Picozzi has encountered multiple obstacles in effectuating service. The U.S. Marshals Service ("USM") served defendants Coker, Daos, Goins, Hightower, Judd, and Phillips on March 23, 2016. *See* Executed Summons (ECF No. 21). However, the USM was unable to locate defendants Brooks, Carr, Garcia, Hans, Jolley, or Razzo. *See* Unexecuted Summons (ECF No. 20). Picozzi filed multiple motions (ECF Nos. 32, 43, 44) seeking information to further his efforts to accomplish service. The court granted his motions and directed counsel to submit the unserved defendants' personal information under seal and file a notice of compliance on the public docket. *See* Nov. 2, 2016 Order (ECF No. 55). The court informed Picozzi that he would have 14 days from the notice of compliance to file a motion requesting service and, upon filing such motion, the court will reset the service deadline and the USM would reattempt service. *Id*.

Counsel complied with the court's order and indicated that service would be accepted by the Las Vegas Metropolitan Police Department Risk Management Office for defendants Officer Michael Brooks, Officer Joanne Hans, Officer Eduardo Garcia, Officer Gerald Razo, and retired Officer Lynn Jolly. *See* Sealed Response (ECF No. 59); Notice (ECF No. 60). However, counsel stated there is no record of a current or former corrections officer named Carr. *Id*. Picozzi timely filed his Motion to Serve the Unserved Defendants (ECF No. 61).

Based on Picozzi's substitution of Nurse Amanda Vertner in place of defendant Jane Doe #1, the court ordered defense counsel to file under seal the last known address and telephone number of Vertner and/or indicate whether counsel is authorized to accept service on her behalf; and file a notice of compliance on the public docket. Order (ECF No. 66). Counsel complied with the court's Order regarding Vertner. *See* Sealed Response (ECF No. 70); Notice (ECF No. 71). Picozzi filed a duplicative motion (ECF No. 67) regarding service of Vertner despite the court's explicit instruction that he need not do so.

The court granted Picozzi's service requests in part as to defendants Brooks, Hans, Garcia, Razo, Jolly, and Vertner, and denied in part without prejudice as to defendant Carr. *See* Apr. 6, 2017 Order (ECF No. 73). Because defendant Carr was not identified in the Sealed Response, Picozzi was instructed to "file a timely motion specifying a different or more detailed name and/or address for Carr, or whether some other manner of service should be attempted." *Id*. at 3.

Additionally, he was

> once again warned that he is ultimately responsible for providing the USM with accurate and sufficient information to effectuate service. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Pursuant to Rule 4(m), Picozzi's failure to comply with this Order by accomplishing service by **June 5, 2017**, will result in a recommendation to the district judge that this case be dismissed without prejudice.

*Id*. at 3.

Summons were returned executed for defendants Brooks, Hans, Garcia, Razo, and Vertner, *see* Executed Summons (ECF Nos. 77, 81),[2] but not for retired officer Jolley, *see* Unexecuted Summons (ECF No. 78). The unexecuted summons for Jolley indicated that an additional address was needed to complete service. *Id*. The Clerk of the Court issued a Notice of Intent to Dismiss (ECF No. 87) for Jolley on June 8, 2017. Court records indicate that the notice was electronically mailed to counsel for all defendants.

## DISCUSSION

### I. Picozzi's Motion (ECF No. 89)

In the pending motion, Picozzi responds to the Notice of Intent to Dismiss (ECF No. 87) entered after the USM unsuccessfully attempted to serve defendant Jolley. *See* Unexecuted Summons (ECF No. 78). He asks the court yet again to order CCDC to provide the court correct information to serve defendant Jolley since the information cannot be sent to Mr. Picozzi directly.

A considerable amount of time and effort has been expended to manage service in this case. Counsel represented in the Sealed Response (ECF No. 59) that the Las Vegas Metropolitan Police Department Risk Management Office would accept service for defendant Jolly. However, the USM returned the summons unexecuted because an additional address was purportedly needed to complete service. This may have been a clerical mistake or simple miscommunication but defense counsel has not corrected the error or attempted to do so, despite receiving electronic notifications of the notice of intent to dismiss and the motion. Nor did they respond to Picozzi's motion. The failure to accept service caused additional motion practice and wasted judicial resources. The motion is granted. Counsel for the CCDC defendants shall file a waiver of summons for defendant Jolley pursuant to Rule 4(d) by **October 27, 2017**, and file an answer or responsive pleading by

---
[2] Defendants Brooks, Hans, Garcia, Razo, and Vertner have also filed their Answers (ECF Nos. 82, 84).

3

**November 3, 2017**.

**IT IS ORDERED:**

1. Plaintiff Mark Picozzi's Motion for Court to Order CCDC to Provide Officer Jolley's Information (ECF No. 89) is **GRANTED**.

2. Counsel for the CCDC defendants shall file a waiver of summons for defendant Officer Lynn Jolley (retired, P#4152) pursuant to Rule 4(d) by **October 27, 2017**, and file an answer or responsive pleading by **November 3, 2017**.

II. **PICOZZI'S FAILURE TO COMPLY WITH THE EXTENDED SERVICE DEADLINE**

On April 6, 2017, the court entered an Order (ECF No.73) denying without prejudice Picozzi's request to have the USM serve defendant Carr because Carr was not identified in defense counsel's sealed response. The court directed Picozzi to file a "timely motion specifying a different or more detailed name and/or address for Carr, or whether some other manner of service should be attempted." *Id*. He was warned that failure to file such motion or otherwise serve Carr by June 5, 2017, would result in a recommendation to the district judge that Carr be dismissed from this case. To date, Picozzi has not filed such motion, requested an extension of time, or taken any other action to serve Carr.

Accordingly,

**IT IS RECOMMENDED**: Defendant officer Carr be DISMISSED without prejudice.

Dated this 16th day of October, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local

4

| | |
|---|---|
| 1 | Rules of Practice, any party wishing to object to a magistrate judge's findings and |
| 2 | recommendations of shall file and serve *specific written objections*, together with points and |
| 3 | authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. |
| 4 | § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate |
| 5 | Judge's Report of Findings and Recommendation," and it is subject to the page limitations found |
| 6 | in LR 7-3(b). The parties are advised that failure to file objections within the specified time may |
| 7 | result in the district court's acceptance of this Report of Findings and Recommendation without |
| 8 | further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, |
| 9 | failure to file timely objections to any factual determinations by a magistrate judge may be |
| 10 | considered a waiver of a party's right to appellate review of the findings of fact in an order or |
| 11 | judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th |
| 12 | Cir. 1991); Fed. R. Civ. Pro. 72. |