UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARK PICOZZI, | Case No. 2:15-cv-00816-JCM-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| CLARK COUNTY DETENTION CENTER, et al., | (Motions – ECF Nos. 68, 69, 90, 93) |
| Defendants. | |

This matter is before the court on Plaintiff Mark Picozzi's Motion to Compel Visit Logs / Video (ECF No. 68), Motion for Copy of Deposition (ECF No. 69), Motion to Order Discovery (ECF No. 90), and Motion for Deposition Upon Written Questions (ECF No. 93). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Picozzi is a *pro se* prisoner in the custody of the Nevada Department of Corrections who is proceeding *in forma pauperis* ("IFP"). *See* IFP Application (ECF No. 3); Screening Order (ECF No. 15). This case arises from Picozzi's allegations, pursuant to 28 U.S.C. § 1983, regarding his treatment while he was incarcerated at the Clark County Detention Center ("CCDC"). Upon review of the Amended Complaint (ECF No. 14), the court found that Picozzi stated plausible claims against 13 defendants: Sergeant Judd, Officers Hightower, Daos, Goins, Hans, Brooks, Phillips, Carr, Razzo, Jolley, Coker, Garcia, and Nurse Amanda Vertner.[1] *See* Screening Order (ECF No. 15).

On June 1, 2016, the court entered a Scheduling Order (ECF No. 28) as to defendants

---
[1] Picozzi substituted Nurse Amanda Vertner in place of Jane Doe #1. *See* Order (ECF No. 66). In a separate order and report of findings and recommendation entered today, the court recommended that defendant Carr be dismissed from this action based on Picozzi's failure to complete service.

1

Coker, Daos, Goins, Hightower, Judd, and Phillips (the "CCDC defendants") setting various discovery and motion deadlines. The parties later requested an extension of the discovery deadlines. The court found good cause to extend the deadlines stated in the Scheduling Order by 90 days: "(1) discovery in this action shall be completed on January 30, 2017; (2) discovery motions shall be filed and served no later than February 13, 2017…." Oct. 31, 2016 Order (ECF No. 52).[2]

I. **MOTION TO COMPEL VISIT LOGS / VIDEO (ECF NO. 68)**

This motion, filed March 27, 2017, asks the court to compel CCDC to provide the sign-in sheets, log books, visit logs, and video of a visit CCDC said he received on April 29, 2014. The Response (ECF No. 75) argues that Picozzi's motion fails to include a certification that he has conferred or attempted to confer in good faith with other affected parties in an effort to resolve the dispute without court action. In his Reply (ECF No. 79), Picozzi asserts that he has repeatedly asked for the video to be saved in discovery requests and grievances.

Picozzi's motion is denied for multiple reasons. First, the motion is untimely. The Scheduling Order required that the parties file any discovery motions no later than February 13, 2017. The motion was filed on March 27, 2017, and provides no explanation for why it was not filed on time. Second, the motion does not provide a copy of his requests for production or the CCDC defendants response to his requests as required by Local Rule 26-7(b) ("All motions to compel discovery or for a protective order must set forth in full the text of the discovery originally sought and any response to it."). The purpose of that rule is to enable the court to determine whether the discovery requests and/or the responses are appropriate and comply with the discovery rules. The court cannot make this determination without seeing the original requests and the responses.

Finally, as the Response points out, the motion does not show that Picozzi met and conferred in good faith with the CCDC defendants or attempted to do so as required by LR 26–

---

[2] In a separate scheduling order entered today, the court set an additional 90 days of discovery for new defendants Brooks, Hans, Garcia, Razo, Jolly, and Vertner. Discovery is not re-opened for the existing defendants Coker, Daos, Goins, Hightower, Judd, and Phillips.

7(c) and Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure.[3] Where one of the parties is a prisoner, the court does not require in-person meetings and allows the parties to meet and confer by telephone or by exchanging letters, which a party may then attach to his motion. Although the format of the meet-and-confer process changes, the substantive requirement remains the same—namely, the parties must engage in a good faith effort to meet and confer to resolve discovery disputes before seeking court intervention. For these reasons, the motion is denied.

## II. MOTION FOR COPY OF DEPOSITION

In this motion, Picozzi asks the court to reconsider its Order (ECF No. 66) denying his first motion (ECF No. 56) requesting a copy of his deposition transcript. The court has considered the CCDC defendants' Response (ECF No. 76) and Picozzi's Reply (ECF No. 80). For the reasons stated in the court's original order, the request for reconsideration is denied.

## III. MOTION TO ORDER DISCOVERY (ECF NO. 90)

Picozzi's motion, filed July 19, 2017, argues that counsel for the CCDC defendants is refusing to turn over discovery or respond to depositions he submitted to the new defendants who were recently served. Attached to his motion are letters addressed to counsel for the CCDC defendants, dated May 31, 2016, and the Las Vegas Metropolitan Police Department Risk Management Division, dated May 1, 2014, and March 3, 2015. The letters each request preservation of video of the alleged incident that is the subject of this lawsuit. The letter to counsel also contains other discovery requests. In their Response (ECF No. 91), the CCDC defendants note that Picozzi is moving in part for the same relief he requested in the previous motion to compel (ECF No. 68), to which they already responded. *See* ECF No. 75. Additionally, the CCDC defendants claim that the letters are not genuine and he produced them "now, ostensibly, to support a claim that Defendants intentionally destroyed video evidence that Picozzi will likely claim would have been helpful to his case." Response (ECF No. 91) at 2. The CCDC defendants also refer to their recent Notice (ECF No. 88) in which they describe how Mr. Picozzi ignored the court's Order (ECF No. 72) to meet and confer regarding the remaining discovery for the new defendants. In his Reply (ECF No. 92), Picozzi denies fabricating the letters and argues that his legal mail was

---

[3] Any reference to a "Rule" or the "Rules" in this order refer to the Federal Rules of Civil Procedure.

repeatedly tampered with while he was incarcerated at CCDC.

This motion is also untimely as it was filed almost four months after the deadline for discovery motions. Picozzi asks the court to please look at all the exhibits submitted. The court has done so. His letter requests are not requests for production of documents or tangible things. Such requests are made and served pursuant to Rule 34 of the Federal Rules of Civil Procedure. A motion to compel may be filed only when a request has been made, the opposing party or parties have failed to respond or responded in a manner the requesting party finds insufficient and the requesting party engages in a good faith effort to resolve the matter with the other side without court intervention. Mr. Picozzi does not attempt to explain why he has not complied with the scheduling order. Assuming that the letters were sent to opposing counsel in 2014, 2015, and 2016 as Picozzi claims, that still does not explain why he failed to timely file his motion by the February 2017 deadline, especially since he has filed many other motions.[4]

With regard to Mr. Picozzi's deposition requests for the new defendants, the motion is premature. Discovery with the newly served defendants does not begin until the defendants have appeared by filing an answer or other responsive pleading, and the parties have met and conferred and submitted a proposed discovery plan and scheduling order which the court approves. *See* Fed. R. Civ. P. 26. It is for this precise reason that the court ordered the parties to meet and confer regarding whether Mr. Picozzi and/or the new defendants will require discovery once the new defendants answered or otherwise appeared. *See* Apr. 6, 2017 Order (ECF No. 72). The CCDC defendants informed the court that Picozzi refused to do so until his existing discovery motions were resolved. *See* Notice (ECF No. 88). In a separate order entered today, the court admonished Picozzi for failing to meet and confer and entered a new Discovery Plan and Scheduling Order as to defendants Brooks, Hans, Garcia, Razo, Jolly, and Vertner. This motion is denied.

IV. **MOTION FOR DEPOSITION UPON WRITTEN QUESTIONS (ECF NO. 93)**

In this motion, filed August 8, 2017, Picozzi asks the court for permission to take three depositions by written questions. He argues that the depositions of defendant Judd, Sgt. Graham,

---

[4] Additionally, the court notes that the Las Vegas Metropolitan Police Department is not a party to this case. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests for production must be addressed to a party.

4

and Officer Batu, two non-party witnesses, are necessary to his case. He plans to submit the deposition questions to the court. He sent affidavits to CCDC for Sgt. Graham and Officer Batu, but he received no response. CCDC has refused to respond to any requests Picozzi has sent there. Defendant Judd responded to interrogatories and requests for production in September 2016, but the responses were incomplete. Thus, he asks the court to order the deposition. In their Response (ECF No. 94), the CCDC defendants argue that this motion is duplicative of past requests and fails to follow the rules of civil procedure or the orders of the court. Picozzi did not file a reply brief.

The deposition request for defendant Judd is many months late. Discovery as to Judd closed in January 2017. Discovery motions as to Judd were due in February 2017. The motion is denied as untimely regarding defendant Judd.

With regard to Sgt. Graham and Officer Batu, Mr. Picozzi faces the same financial problem he did with traditional depositions. *See* Oct. 31, 2016 Order (ECF No. 53). At first glance, a deposition upon written questions may look like an inexpensive way for a prisoner to do discovery compared with a traditional deposition but it usually is not. A deposition upon written questions is governed by Rule 31 and the procedure would basically work as follows. The prisoner would mail a notice of deposition that identifies: (1) the deponent (*i.e.*, the witness), (2) the officer taking the deposition, (3) a list of the exact questions to be asked of the witness, and (3) the date and time for the deposition to occur. The deposition officer can be any person authorized by law to administer oaths such as a notary public or a court reporter.[5] *See* Fed. R. Civ. P. 28(a). Defense counsel would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defense counsel written re-direct questions for the witness, and defense counsel would have time to send to the prisoner written re-cross-examination questions for the witness. The deposition should be scheduled with enough time in advance to allow for mailings. To depose a non-party on written questions, that witness must be subpoenaed. *See* Fed. R. Civ. P. 45.

When all the questions are ready, the prisoner would send them to the deposition officer and the officer would take the deposition of the witness on scheduled date and time. The deposition

---

[5] Court employees do not provide this service.

officer reads the questions to the witness. The deposition officer may not stray from the written script of questions and asks only those questions that are on the list from the prisoner and defendant. The witness answers the questions orally, a court reporter records the witnesses' responses and prepares a transcript just as it would be for an oral deposition governed by Rule 30.

To obtain a deposition upon written questions, the prisoner is responsible to pay the witness fee, deposition officer fee, court reporter fee, and the cost of the deposition transcript. The procedure is not much cheaper than an oral deposition unless there are substantial travel expenses that would be incurred to bring the witness to the prisoner or the prisoner to the witness. In addition to the cost, the ability to gather evidence in such a deposition is quite limited. Because all the questions are written and shared in advance with opposing counsel, there is no opportunity for follow-up questions when a witness makes a statement that is unexpected, or the answer is not understood. Poorly worded questions will often result in useless answers, which makes this procedure particularly problematic for unrepresented litigants.

Here, Mr. Picozzi has not designated a deposition officer or notified the deponents of the time, place, and manner of deposition. He also has not shown he can pay any of the costs associated with written depositions, including fees for a deposition officer and court reporter, the cost of transcribing the deposition, and witness fees and mileage under Rule 45(b)(1). Because Picozzi's indigent status does not entitle him to a waiver of fees and he has not met the Rule 31 requirements, the court will deny this motion.

Accordingly,

**IT IS ORDERED:** Plaintiff Mark Picozzi's Motion to Compel Visit Logs / Video (ECF No. 68), Motion for Copy of Deposition (ECF No. 69), Motion to Order Discovery (ECF No. 90), and Motion for Deposition Upon Written Questions (ECF No. 93) are **DENIED**.

Dated this 16th day of October, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE