UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| MARK PICOZZI, | Case No. 2:15-cv-00816-JCM-PAL |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| CLARK COUNTY DETENTION CENTER, et al., | (Mots. to Compel – ECF Nos. 99, 107) |
| Defendants. | |

This matter is before the court on Defendant Amanda Vertner's Motion to Compel Plaintiff's Responses to Interrogatories and Request for Production of Documents (ECF No. 99) and Plaintiff Mark Picozzi's Motion to Compel High Desert Medical to Release Medical Records (ECF No. 107). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**BACKGROUND**

Mr. Picozzi is a pro se prisoner currently in the custody of the Nevada Department of Corrections at the High Desert State Prison ("HDSP"). He has received permission to proceed in this case *in forma pauperis*. This case arises from Picozzi's allegations, pursuant to 28 U.S.C. § 1983, regarding his treatment while he was incarcerated at the Clark County Detention Center. The court screened the Amended Complaint (ECF No. 14), found that Picozzi stated plausible claims against 13 defendants: Sergeant Judd, Officers Hightower, Daos, Goins, Hans, Brooks, Phillips, Carr, Razzo, Jolley, Coker, Garcia, and Nurse Amanda Vertner.[1] *See* Screening Order

---

[1] The court gave Picozzi an opportunity to identify the unknown doe defendants through discovery. Screening Order (ECF No. 15) at 14 n.6–9. Picozzi substituted Nurse Amanda Vertner in place of Jane Doe #1. *See* Order (ECF No. 66). To date, Vertner is the only defendant Picozzi has substituted in place of a doe defendant. In a Report of Findings and Recommendation (ECF No. 95) entered October 16, 2017, the undersigned recommended that defendant Carr be dismissed from this action based on Picozzi's failure

1

(ECF No. 15).

On June 1, 2016, the court entered a Scheduling Order (ECF No. 28) for discovery to proceed as to defendants Coker, Daos, Goins, Hightower, Judd, and Phillips setting various discovery and motion deadlines. The parties later requested an extension of the discovery deadlines, and the court found good cause to extend the deadlines by 90 days. Oct. 31, 2016 Order (ECF No. 52) (setting deadlines of January 30, 2017, for discovery and February 13, 2017, for discovery motions). In a separate scheduling order entered October 16, 2017, the court set an additional 90 days of discovery for the recently-served defendants Brooks, Hans, Garcia, Razo, Jolly, and Vertner. Scheduling Order (ECF No. 97). Discovery was not re-opened for defendants Coker, Daos, Goins, Hightower, Judd, and Phillips. *Id*.

## DISCUSSION

I. **LEGAL STANDARD**

"Discovery is supposed to proceed with minimal involvement of the Court." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Litigants and their counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *Id*. (citing *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)).

As explained in a prior order, the Federal Rules of Civil Procedure[2] allow for discovery requests from one party to another in the case. *See* Order (ECF No. 96) at 4 n.4 (noting that Rule 34 requires requests for production to be addressed to a party, and the Las Vegas Metropolitan Police Department is not a party to this case). In addition, discovery with newly served defendants does not begin until the defendants have appeared by filing an answer or other responsive pleading, and the parties have met and conferred and submitted a proposed discovery plan and scheduling order which the court approves. *Id*. at 4:14–17 (citing Fed. R. Civ. P. 26).

Pursuant to Rule 37, a motion to compel discovery materials may only be filed when a timely discovery request has been served, the opposing party has not responded or has inadequately

---

to complete service.

[2] Any reference to a "Rule" or the "Rules" in this order refer to the Federal Rules of Civil Procedure.

2

responded, and the moving party has attempted in good faith to resolve any dispute about the adequacy of the discovery responses without the court's intervention. *See* Fed. R. Civ. P. 37(a). The Local Rules of Practice state that discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request. *See* LR 26–7(c). The "meet and confer" process requires the parties "to communicate directly and discuss in good faith the issues required under the particular rule or court order." *See* LR IA 1-3(f).

## II. VERTNER'S MOTION TO COMPEL

The motion (ECF No. 99), filed October 20, 2017, indicates that Ms. Vertner served Mr. Picozzi with special interrogatories and a request for production of documents on August 3, 2017. Declr. of Chad C. Chochot (ECF No. 99-1), Ex. A. Picozzi sent a letter to counsel for Vertner on August 15, 2017, requesting an indefinite extension to respond to the discovery requests, pending resolution of a dispute with Vertner's codefendants. *Id.*, Ex. B. Counsel advised Mr. Picozzi that an indefinite extension was not acceptable, but counsel offered him an additional two weeks to respond. *Id.*, Ex. C. On September 19, 2017, Picozzi sent a letter to defense counsel indicating he was not willing to respond to the discovery requests. *Id.*, Ex. D.

In his Response (ECF No. 104), filed November 3, 2017, Mr. Picozzi states that he will comply with the court's Scheduling Order (ECF No. 97) and answer Vertner's discovery requests. Thus, Picozzi stated that defense counsel could withdraw the motion.

In the single-sentence Reply (ECF No. 105), filed November 7, 2017, Ms. Vertner requests an order compelling Mr. Picozzi to respond by a date determined by the court.

Vertner's motion lacks merit. Counsel served the discovery requests to Mr. Picozzi over two months prior to entry of the Scheduling Order. The motion was also filed after the court denied Picozzi's deposition requests for the recently-served defendants as premature and expressly informed the parties that discovery for the new defendants, including Vertner, would begin with entry of the new scheduling order. Ms. Vertner's discovery requests and motion were, therefore, premature.

3

Additionally, the court finds that counsel's meet and confer efforts were deficient. Mr. Picozzi's correspondence expressly informed counsel that he was "not under any circumstances refusing to turn over documents or answer interrogatories." Chochot Declr. (ECF No. 99-1), Ex. B. Rather, his understanding was that "no one is doing anything until the court rules." *Id*. Picozzi reiterated his position in the September 19, 2017 letter. *Id*., Ex. D. His position was legally incorrect and the court admonished him for refusing to follow a court order. *See* Scheduling Order (ECF No. 97) at 3. All of the meet and confer correspondence occurred prior to entry of the new scheduling order. Picozzi's Response (ECF No. 104) states that he will comply with the new scheduling order and respond to Vertner's discovery requests. The moving papers do not indicate that defense counsel attempted to meet and confer with Mr. Picozzi (i) after the new scheduling order was entered and the outstanding discovery disputes were resolved, which was Picozzi's stated reason for waiting; or (ii) after Picozzi's Response expressly represented that he would respond to the discovery requests and the motion could be withdrawn. Under these circumstances, court intervention is not appropriate. The motion is denied.

### III. PICOZZI'S MOTION TO COMPEL HDSP TO RELEASE MEDICAL RECORDS

In his motion (ECF No. 107), Mr. Picozzi asks the court to order HDSP to provide him with a copy of certain medical records, including colonoscopy and MRI results, medical notes indicating treatment, diagnosis, and future treatments such as surgery. No defendant filed a response to this motion, and the deadline to do so has expired.

On November 14, 2017, Picozzi submitted an Inmate Request Form to medical asking for a copy of the results of his October 25, 2017 colonoscopy and MRI. Mot. at 4. He indicated that he is a plaintiff and he needs to turn over the records to defense counsel. *Id*. A staff member responded on November 22, 2017, stating "your attorneys may request the records at any time." *Id*. The response also attaches two policy statements by HDSP's Health Information Coordinator:

**Results of Lab Testing**

Medical Records does not supply results to inmates. We are unable to provide copies of any, documentation to inmates while incarcerated. If you wish to know results, you will need schedule an appointment to meet with the medical staff to discuss this.

…

4

> **Copies While Incarcerated**
> We are unable to provide you copies from your records while you are incarcerated.
> Your physician, attorney, or requesting facility may request copies upon receipt of your signed release in medical records.
> Copies are 60 cents a page and must be paid from your inmate account verified by institution finance or paid by the outside requesting source prior to any release of records. Upon verification of receipt of funds, the copies will be processed and forwarded to the requesting outside source.

*Id*. at 5–6. Mr. Picozzi argues that he is entitled to the medical records because he is representing himself. Thus, he is the "attorney of record" in this action. Picozzi states that he needs the medical records to prove his case, and he intends to produce the records in discovery as evidence of his medical injuries. He also wants to send the documents to a doctor of his choosing for a second opinion. Picozzi asserts that he should be allowed to collect and send the records to defense counsel because he does not "believe they will send [him] everything when it is in [his] favor." *Id*. at 2.

Because HDSP is not a party to this case, the court does not have jurisdiction over HDSP in order to grant the relief Picozzi seeks in his motion. He provides no legal authority to support his request. If Mr. Picozzi wishes to challenge HDSP's response to his Inmate Request Form, he must seek relief through the prison's administrative grievance process. *See* NDOC Admin. Reg. 639.02 (stating that, although copies will not be provided directly to inmates, they "may request limited copies of medical records for legal purposes by submitting a brass slip for the cost of the copies requested"). The motion is therefore denied.

Accordingly,

**IT IS ORDERED:** Defendant Amanda Vertner's Motion to Compel (ECF No. 99) and Plaintiff Mark Picozzi's Motion to Compel High Desert to Release Medical Records (ECF No. 107) are **DENIED**.

Dated this 8th day of January, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE