1
2
3                    UNITED STATES DISTRICT COURT
4                          DISTRICT OF NEVADA
5                                 * * *
6   MARK PICOZZI,                            Case No. 2:15-cv-00816-JCM-PAL
7                              Plaintiff,
8        v.                                              **ORDER**
9   CLARK COUNTY DETENTION CENTER,           (Med. Records – ECF No. 130)
    et al.,
10
                             Defendants.
11

12      Before the court are Plaintiff Mark Picozzi's Legal Copies of Medical Records (ECF

13 No. 130), filed July 23, 2018.[1]  This filing was referred to the undersigned pursuant to 28 U.S.C.

14 § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

15      Mr. Picozzi provided no explanation as to why these records were filed on the docket.  "It

16 is well established that district courts have inherent power to control their docket." *Ready Transp.,*

17 *Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).  This includes the power to strike

18 improperly filed items from the docket.  *See, e.g.*, *id.* at 404–05; *Lazy Y Ranch Ltd. v. Behrens*,

19 546 F.3d 580, 586–87, 588 (9th Cir. 2008); *Adobe Sys. Inc. v. Christenson*, 891 F. Supp. 2d 1194,

20 1201 (D. Nev. 2012) (authority to strike unsanctioned documents is essential to the court's ability

21 to enforce its orders, manage its docket, and regulate insubordinate conduct).

22      The Local Rules of Practice also permit the court to strike unsanctioned filings from its

23 docket.  LR IA 7-1 ("The court may strike any case-related correspondence filed in the court's

24 docket that is not styled as a motion, stipulation, or notice."); LR IC 7-1 ("The court may strike

25 documents that do not comply with these rules.").  When a party seeks relief from the court, the

26 Local Rules of Civil Practice allow only the filing of a motion, response, and reply.  *See* LR 7-2.

27

28 ───────────────────
[1]  The Clerk of the Court sealed this document upon filing pursuant to LR IC 6-1 because the document
contains personal-data identifiers and medical information.

Any filing that is not sanctioned by Local Rule or court order "is a fugitive document and must be stricken from the record." *Tagle v. Bean*, 2017 U.S. Dist. LEXIS 75922, at *9 (D. Nev. May 18, 2017); *Cottle v. Gillespie*, Case No. 2:10-cv-00271-JCM-PAL, 2012 U.S. Dist. LEXIS 54837, *1 n.1 (D. Nev. April 19, 2012) (striking improperly filed document because "neither the Federal Rules of Civil Procedure, nor the local rules of the District of Nevada, permit[ed] such a filing").

On July 11, 2018, the remaining defendants filed a motion for summary judgment (ECF No. 127). The district judge entered the court's standard order regarding the requirements for responding to a dispositive motion the same day. *See* Minute Order (ECF No. 128) (citing *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988); *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998)). Perhaps Mr. Picozzi filed these documents in an attempt to oppose defendants' motion for summary judgment. However, the medical records were not filed with a response, and are insufficient by themselves to oppose the motion. Mr. Picozzi should carefully read the minute order entered July 11, 2018, and Rule 56 of the Federal Rules of Civil Procedure to familiarize himself with the requirements for responding a motion for summary judgment. The response to the summary judgment motion was due 21 days from July 11, 2018. The court will grant Mr. Picozzi an extension to file his response. However, by themselves, his medical records are fugitive documents and cannot be considered as a response. As such, the court will instruct the Clerk of the Court to strike the medical records from the docket without prejudice to his ability to use the documents in a properly filed response to defendants' motion for summary judgment.

**IT IS ORDERED:**

1. Mr. Picozzi shall have until **August 27, 2018**, to file a response to defendants' motion for summary judgment (ECF No. 127) in compliance with Fed. R. Civ. P. 56.

2. The Clerk of the Court shall **STRIKE** Plaintiff Mark Picozzi's Legal Copies of Medical Records (ECF No. 130) from the court's docket.

Dated this 13th day of August, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE