UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK PICOZZI,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CLARK COUNTY DETENTION CENTER, et al.,<br><br>　　　　　　Defendants. | Case No. 2:15-cv-00816-JCM-PAL<br><br>**ORDER**<br><br>(Mot. Priority Review – ECF No. 132) |

This matter is before the court on Plaintiff Mark Picozzi's Motion for Priority Review (ECF No. 132), filed August 13, 2018. This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Picozzi is a pro se prisoner currently in the custody of the Nevada Department of Corrections ("NDOC") at High Desert State Prison ("High Desert"). He has received permission to proceed in this case *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. This case arises from Picozzi's allegations, pursuant to 28 U.S.C. § 1983, regarding his treatment while he was incarcerated at the Clark County Detention Center ("CCDC"). Screening Order (ECF No. 15).

Picozzi's current motion asserts that defendants' attorneys and High Desert knowingly, deliberately, willfully, and with malicious intent conspired to deny his constitutional right to litigate this case. Counsel for the CCDC defendants purportedly contacted High Desert to deliberately delay in the receiving and sending of his legal documents to the court. The motion does not specifically allege any conduct by defense counsel. Picozzi states a timeline of his efforts to send the court his medical records and a response to the CCDC defendants' summary judgment motion (ECF No. 127). He learned that the court received the medical records but he cannot verify

1

receipt of the response. He inquired with prison officials regarding the medical records and response but is unsatisfied with their answers. Thus, he asks the court to order the Clerk of Court to mail as soon as possible a copy of (1) the medical records and envelope he recently sent to the court, (2) his response to defendants' summary judgment motion, and (3) the current motion. He also asks the court to send a subpoena to officials at High Desert.

An inmate generally has no constitutional right to free photocopying or to obtain court documents without payment. *Lewis v. Casey*, 518 U.S. 343, 384–85 (1996) (the constitutional right of access to the courts does not impose an "obligation on the States to finance and support prisoner litigation"); *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). The Local Rules of Practice for this district state that permission to proceed IFP does not waive the applicant's "responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915." LSR 1-7. Section 1915 does not authorize any public funds to be spent for copies or the issuance and service of subpoenas. Nothing in the federal law, the Federal Rules of Civil Procedure, the Local Rules, or Ninth Circuit case law authorizes the courts to finance or subsidize the fees and costs associated with prosecuting a civil action.

Pursuant to NDOC administrative regulation 722.01(7)(D), inmates may "accrue a maximum of $100 debt for copy work expenses for all cases, not per case." However, the court does not allow inmates or any other litigants to accrue copy fees—payment of copy fees is required at the time the request is made. *See Filing a Complaint on Your Own Behalf*, U.S. Dist. Ct. Nevada at 5 & Attachment 12 (Schedule of Fees). Pursuant to 28 U.S.C. § 1914(b) and §1930, the Judicial Conference has adopted a schedule of fees for filings and related services provided by the United States Courts. If an inmate wants to receive a file-stamped copy of any document he or she submitted to the court, the inmate must provide an additional copy (or copies) of the document along with a self-addressed stamped envelope. Upon the court's entry of an order or minute order, the clerk's office will mail the inmate one copy of the order at no cost. Later requests for an additional copy (or copies) are subject to copy fees. Inmates may not circumvent NDOC regulations and obtain free or financed copies by requesting that the court prepare such copies instead of NDOC. However, when an inmate demonstrates a specific need for a copy of a

particular document, the court may in its discretion instruct the clerk's office to mail the copy.

On August 13, 2018, the court entered an Order (ECF No. 131) striking Plaintiff's medical records from the docket. The medical records were not submitted with any other filing. The court noted:

> Perhaps Mr. Picozzi filed these documents in an attempt to oppose defendants' motion for summary judgment. However, the medical records were not filed with a response, and are insufficient by themselves to oppose the motion. … [B]y themselves, his medical records are fugitive documents and cannot be considered as a response.

*Id*. The medical records were stricken without prejudice to Plaintiff's ability to use the documents in a properly filed response to defendants' summary judgment motion. The court also extended his deadline to respond until August 27, 2018.

Mr. Picozzi's current motion demonstrates a specific need for a copy of the medical records, which were recently stricken as fugitive documents. The clerk's office will be instructed to mail him that filing. No response has been received to date, thus, there is nothing to copy. This order demonstrates that the court received the current motion; therefore, Picozzi has not shown a specific need for a copy at public expense.

Unfortunately, in the court's experience, inmate complaints about delayed or lost mail are common. There are numerous people involved in delivering mail from High Desert to the court, such as postal workers and prison employees. There is no indication that any problems or delays with the mailing of the medical records or response were caused by the CCDC defendants or their counsel. The court has previously informed Picozzi that it lacks jurisdiction over High Desert in this case as the prison is not a party. Order (ECF No. 111) ("If Mr. Picozzi wishes to challenge HDSP's response to his Inmate Request Form, he must seek relief through the prison's administrative grievance process."). The court cannot "intervene" in his disagreements or dissatisfaction with prison officials or their staff. Picozzi has not missed any deadline based on mail delay as the court has already extended his deadline to respond to defendants' summary judgment motion. If necessary, he may seek further extension. Mr. Picozzi's request for subpoena is denied.

/ / /

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Mark Picozzi's Motion for Priority Review (ECF No. 132) is **GRANTED IN PART AND DENIED IN PART**.

2. The Clerk of the Court is instructed to mail Mr. Picozzi a copy of the Medical Records (ECF No. 130) submitted to the court.

Dated this 17th day of August, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE