UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARK PICOZZI,<br><br>    Plaintiff,<br><br>v.<br><br>CLARK COUNTY DETENTION CENTER, et al.,<br><br>    Defendants. | Case No. 2:15-cv-00816-JCM-PAL<br><br>**ORDER**<br><br>(Mot. for Sanctions – ECF No. 115) |

This matter is before the court on Plaintiff Mark Picozzi's Motion for Sanctions (ECF No. 115). This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**BACKGROUND**

Mr. Picozzi is a pro se prisoner currently in the custody of the Nevada Department of Corrections ("NDOC") at High Desert State Prison ("High Desert"). This case arises from Picozzi's allegations, pursuant to 28 U.S.C. § 1983, regarding his treatment while he was incarcerated at the Clark County Detention Center ("CCDC"). Upon review of the Amended Complaint (ECF No. 14), the court identified four plausible claims: (1) Eighth Amendment claim of excessive force; (2) Eighth Amendment claim of deliberate indifference to a serious medical need; (3) Fourteenth Amendment claim of violation of access to the courts; and (4) First Amendment claim of interference with legal correspondence. Screening Order (ECF No. 15). Picozzi's claims implicate 13 defendants: Sergeant Judd, Officers Hightower, Daos, Goins, Hans, Brooks, Phillips, Carr, Razzo, Jolley, Coker, Garcia, and Nurse Amanda Vertner.[1]

In March 2016, defendants Coker, Daos, Goins, Hightower, Judd, and Phillips ("first-

---
[1] Vertner was substituted in place of Jane Doe #1. Mar. 15, 2017 Order (ECF No. 66).

1

served defendants") were served with process, but numerous other defendants could not be located at that time to complete service. Order (ECF No. 53).[2] Nevertheless, discovery commenced as to the first-served defendants. Scheduling Order (ECF No. 28). After an extension of the deadlines, discovery closed as to the first-served defendants on January 30, 2017. Order (ECF No. 52).

In April 2017, the service issues for defendants Brooks, Garcia, Hans, Jolley, and Razzo ("later-served defendants") were resolved. Executed Summons (ECF Nos. 77, 81). On October 16, 2017, the court set new discovery deadlines for the later-served defendants as well as Ms. Vertner. Scheduling Order (ECF No. 97). Discovery was not reopened for the first-served defendants. *Id*. Picozzi subsequently requested and received two discovery extensions as to the later-served defendants. Am. Scheduling Orders (ECF Nos. 112, 121). The court denied his third request for an extension and discovery is now closed for all defendants. Order (ECF No. 126).

Pursuant to the parties' stipulation, Ms. Vertner was dismissed from the case on June 18, 2018. Order (ECF No. 125). Thus, the remaining defendants are Coker, Daos, Goins, Hightower, Judd, Phillips, Brooks, Garcia, Hans, Jolley, and Razzo (*i.e.*, all 11 first-served and later-served defendants). The court will refer to them jointly as the "CCDC defendants."

## DISCUSSION

As an initial matter, Picozzi filed what he called a "Response to Defendant Amanda Vertner's Expert Witness" (ECF No 114). Picozzi's motion (ECF NO 115) and reply refer to an expert report prepared by dismissed defendant Vertner. The "response" (ECF No. 114), which he filed at the same time as the motion for sanctions asserts that Vetner's expert is either "mis-leading the Court or CCDC covered up everything the Plaintiff has accused them of." It appears he submitted the "response" referring to Vertner's expert report to support his requests for sanctions. However, the report was not attached to the motion or reply and does not appear anywhere in the record. The Federal Rules of Civil Procedure and the Local Rules of Practice permit a motion, a response and a reply. Picozzi may not keep filing additional papers in support of the same request for relief in a never ending quest to have the last word.

---

[2] In an Order and Report of Findings and Recommendation (ECF No. 95) entered October 16, 2017, the court recommended that the district judge dismiss defendant Carr from this case based on Picozzi's failure to accomplish service of process by the extended service deadline.

2

I.  **THE PARTIES' POSITIONS**

Mr. Picozzi's motion for sanctions (ECF No. 115), asks the court to sanction the defendants and their attorneys for "maliciously destroying, altering, and falsifying documents." He claims he has repeatedly requested discovery, but the defense has continually told him "they don't have it without giving proper reason as to why they can't obtain it." Mot. at 1. He asserts that defendants are required to make "every effort to disclose all discovery," yet all counsel says is "it's not in my possession." He asks the court to compel: (1) all documents the expert witness relied on to make a report; (2) proof of service of when all medical records where received from St. Francis Hospital in Trenton, New Jersey, and Palmetto Hospital in Miami, Florida; (3) internal affairs files for each defendant; (4) video from March 3, 2015, regarding defendant G. Razzo; (5) all visit logs that are missing; (6) all log-in sheets and sign-in sheets from his visitors; (7) the unit 5-C log book for each time he was taken out of his room from January 30 to April 30, 2014; (8) the names and numbers of all employees "from the business office and mail room on the specific dates requested from Mr. Freeman," counsel for the CCDC defendants. Mot. at 1–2. Based on defendants' refusal to properly respond to his repeated discovery requests, he asks the court to sanction the defendants and compel the discovery he has repeatedly requested be turned over.

In response, the CCDC defendants point out that the court has already ruled on prior motions for each of Picozzi's listed demands. Opp'n (ECF No. 117). Picozzi first demanded the names of officers and nurses on December 18, 2015. Pl.'s Mot. to Provide Names of Officers & Nurses (ECF No. 11). The court denied Picozzi's motion on January 20, 2016. Order (ECF No. 13). On March 27, 2017, Picozzi filed a motion to compel (ECF No. 68) regarding the visit logs and video. The court denied his motion on October 16, 2017. Order (ECF No. 96). Finally, he filed a motion to compel (ECF No. 107) asking the court to require High Desert to release his medical records on December 11, 2017. The court denied his motion on January 8, 2018. Order (ECF No. 111). The CCDC defendants assert that Picozzi offers no new evidence or argument other than his allegations that the defendants destroyed, tampered with or withheld the requested documents from him. He provided no reason for the court to change its prior rulings.

Furthermore, Picozzi failed to meet and confer regarding his most recent discovery requests

as required by the federal Rules and Local Rules. Picozzi requested the CCDC defendants' "internal affairs files" from defense counsel. The CCDC defendants asserted multiple objections, including an objection that the requested information is irrelevant to this case. Picozzi did not meet and confer on this topic as requires, but instead filed the current motion for sanctions. As such, his motion should be denied. Because the court has warned Picozzi several times that frivolous motions could result in sanctions, and Picozzi has still refused to follow proper meet and confer procedures, the CCDC defendants argue that the court should sanction Picozzi for his insubordinate behavior.

Ms. Vertner's opposition (ECF No. 116) states that she has not improperly withheld any documents. At the time the motion was filed, Picozzi had served one request for production of documents, consisting of three requests. These three requests are not the subject of the current motion. Vertner asserted multiple objections to all three requests, answered one in full, and indicated that she was not aware of any documents responsive to the remaining two requests (except for the current lawsuit). In addition, Ms. Vertner argues that sanctions are not appropriate because Picozzi failed to include a certification that he met and conferred in good faith or attempted to do so. Accordingly, she asks the court to deny the motion.

In his Reply (ECF No. 122), Picozzi acknowledges that his current discovery requests have been the subject of previous discovery motions. However, the rulings on those motions "can only be for the previous defendants Sgt. Judd, Hightower, Daos, Going, Phillips, [and] Coker." He asserts that defense counsel refuses to take his phone calls or come meet with him so they can resolve the case. Sanctions are warranted because defendants have covered-up the vicious beating of Picozzi. He asks the court to read all the letters he has submitted to see how the defense continues to violate discovery rules.

## II.    LEGAL STANDARDS AND ANALYSIS

Pursuant to Rule 37 of the Federal Rules of Civil Procedure,[3] a motion to compel discovery may only be filed when a timely discovery request has been served, the opposing party has not responded or has inadequately responded, and the moving party has attempted in good faith to

---

[3] Any reference to a "Rule" or the "Rules" in this order refer to the Federal Rules of Civil Procedure.

resolve any dispute about the adequacy of the discovery responses without the court's intervention. Fed. R. Civ. P. 37(a). The Local Rules of Civil Practice state that discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request. LR 26-7(c). The "meet and confer" process requires the parties "to communicate directly and discuss in good faith the issues required under the particular rule or court order." LR IA 1-3(f).

A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention. LR 26-7(c). The meet and confer requirement "may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference." LR IA 1-3(f). Where one of the parties is a prisoner, the court does not require in-person meetings and allows the prisoner and defense counsel to meet and confer by telephone or by exchanging letters. However, the substantive requirement remains the same—namely, the parties must engage in a good faith effort to meet and confer in a good faith effort to resolve the dispute before seeking court intervention.

In addition to the meet and confer requirement, the Local Rules require that a party filing a motion to compel "set forth in full the text of the discovery originally sought and the response thereto, if any." LR 26-7(b). The purpose of this rule is to give the court sufficient information to evaluate whether the information sought is relevant and discoverable and whether the responses are sufficient or require supplementation.

Mr. Picozzi's motion lacks merit. The court has read all the letters, motions, and papers Picozzi has submitted throughout this case. His current motion is clearly duplicative of previous motions addressing the same and similar issues. Picozzi does not deny this. Instead, he argues the court's prior rulings cannot apply to the later-served defendants because "discovery is still in progress for these defendants." Reply at 2. Picozzi's argument appears to be that the current motion is timely as to the later-served defendants since one reason for the denial of a previous motion to compel was the expiration of the deadline to file discovery motions as to the first-served defendants. Oct. 16, 2017 Order (ECF No. 96) (denying Mot. to Compel Visit Logs / Video (ECF

No. 68)). However, the untimeliness of the previous motion was only one of multiple reasons for the denial. *Id*. The court's prior Orders (ECF Nos. 13, 54, 96, 111) demonstrate that the court has denied Picozzi's discovery motions because he failed to meet the appropriate legal standard for the relief sought. The same is true for the current motion.

Here, the timeliness of the current motion is not in dispute. It will be denied for multiple other reasons. First, the motion and reply do not include a certification that he met and conferred in good faith with the defendants or attempted to do so. The court has explained the meet and confer requirement in at least three previous Orders (ECF Nos. 54, 96, 97).[4] Picozzi's reply states that he reached out to defense counsel numerous times in letters, which he claims he attached to the motion. However, there were no letters attached to Picozzi's motion. He also failed to include a copy of his requests for production or the defendants' response to his requests as required by LR 26-7(b). The court has previously informed Picozzi of this requirement as well. Order (ECF No. 54) (denying Mot. to Order Defs. to Produce Docs. (ECF No. 49), which requested internal affairs files, grievances, and medical complaints). Despite multiple prior orders explaining the threshold requirements for discovery motions, Picozzi has refused to comply with the federal Rules or Local Rules.

In addition, Picozzi fails to show that defendants have possession, custody, or control over the requested documents. Under Rule 34, a party must produce or permit inspection of documents responsive to a request for production of documents when such documents are in the party's "possession, custody, or control." Fed. R. Civ. P. 34(a). For purposes of applying Rule 34, a party must have *actual* possession, custody, or control of the documents. *United States v. Int'l Union of Petroleum & Indus. Workers, AFL CIO*, 870 F.2d 1450, 1452 (9th. Cir. 1989). The Ninth Circuit

---

[4] In its third order regarding the meet and confer requirement, the court warned Picozzi that refusing to follow the court's orders could result in sanctions:

> The court finds that Mr. Picozzi did not meet and confer with defendants in good faith as required by the court's Order (ECF No. 72). The court appreciates that communicating with opposing parties or their counsel can be difficult, especially when the parties discuss discovery disputes. However, pending discovery motions are not a valid reason to refuse to follow a court order. Picozzi is cautioned that his failure to comply with court orders may result in sanctions up to and including dismissal. *See, e.g.*, **Error! Main Document Only.***Bautista v. L.A. Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).

Order at 3 (ECF No. 97).

has defined "control" as "the legal right to obtain the documents on demand." *Id*. A party has an obligation to conduct a "reasonable inquiry into the factual basis" for its discovery responses, and an affirmative duty to seek information "reasonably available" to it from its employees, agents, or others subject to its control. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal 2006) (internal quotation omitted). The moving party bears burden of proving that the opposing party has control over the documents. *Int'l Union*, 870 F.2d at 1452.

Picozzi misconstrues the defendants' obligations to respond to his discovery requests. He contends that defense counsel repeatedly told him requested documents were not in their possession and this was not a proper reason why they cannot obtain the documents. The controlling case law requires defendants to conduct a *reasonable inquiry* regarding their discovery responses and seek information *reasonably available* to them. It does not require them to "make *every effort* to disclose *all discovery* he requests." Mot. at 1 (emphasis added). Picozzi's motion and reply fail to meet his burden of proving that defendants have possession, custody, or control over the documents he claims he requested. For these reasons, the motion is denied.

**IT IS ORDERED:** Plaintiff Mark Picozzi's Motion for Sanctions (ECF No. 115) is **DENIED**.

Dated this 17th day of August, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE